SHORT RECORD
NO. 26-1859
FILED 4/22/26

APPEAL,ATTYOPEN,CLOSED,JPS−CW,RF

# United States District Court
## Eastern District of Wisconsin (Milwaukee)
## CIVIL DOCKET FOR CASE #: <u>2:22−cv−00642−JPS</u>

Prepared Food Photos Inc v. Jaber et al
Assigned to: Judge J P Stadtmueller
Demand: $150,000
Case in other court:  USCA, 26−01757
Cause: 17:101 Copyright Infringement

Date Filed: 05/31/2022
Date Terminated: 11/07/2024
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

### **Plaintiff**

**Prepared Food Photos Inc**
*formerly known as*
Adlife Marketing & Communications Co
Inc

represented by **Daniel DeSouza**
Copycat Legal PLLC
3111 N University Dr − Ste 301
Coral Springs, FL 33065
877−437−6228
Email: dan@copycatlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin B Borton**
Jeffrey & Borton SC
723 S Main St
Racine, WI 53403
262−633−7322
Fax: 262−633−7323
Email: austin@jeffreyleavell.com
*ATTORNEY TO BE NOTICED*

**Jeffrey L Leavell**
Jeffrey & Borton SC
723 S Main St
Racine, WI 53403
262−633−7322
Fax: 262−633−7323
Email: jeff@jeffreyleavell.com
*ATTORNEY TO BE NOTICED*

V.

### **Defendant**

**Villard Foodtown LLC**
*TERMINATED: 08/23/2022*
*doing business as*
Foodtown Mart
*TERMINATED: 08/23/2022*

represented by **W Timothy Steinle**
Terschan Steinle Hodan & Ganzer Ltd
309 N Water St − Ste 215
Milwaukee, WI 53202−5713
414−258−1010
Fax: 414−258−8080

Email: Timothy.Steinle@tshglaw.com
*TERMINATED: 05/12/2025*

**Defendant**

**Sharif Jaber**                    represented by    **Amber L Herda**
Terschan Steinle Hodan & Ganzer Ltd
309 N Water St – Ste 215
Milwaukee, WI 53202–5713
414–258–1010
Fax: 414–258–8080
Email: aherda@kasdorf.com
*TERMINATED: 05/12/2025*

**Griffin C Klema**
Klema Law PL
PO Box 172381
Tampa, FL 33672
202–713–5292
Email: Griffin@KlemaLaw.com
*ATTORNEY TO BE NOTICED*

**W Timothy Steinle**
(See above for address)
*TERMINATED: 05/12/2025*

**Defendant**

**NOFAL LLC**                    represented by    **Amber L Herda**
*doing business as*                              (See above for address)
Food Town Mart                                   *TERMINATED: 05/12/2025*

**Griffin C Klema**
(See above for address)
*ATTORNEY TO BE NOTICED*

**W Timothy Steinle**
(See above for address)
*TERMINATED: 05/12/2025*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2022 | 1 | COMPLAINT *with Exhibits A & B (bookmarked)* with Jury Demand; against Villard Foodtown LLC by Prepared Food Photos Inc. ( Filing Fee PAID $402 receipt number AWIEDC–4128796) (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(DeSouza, Daniel) Modified on 6/1/2022 (lz). |
| 06/01/2022 |  | NOTICE Regarding assignment of this matter to Magistrate Judge William E Duffin; Consent/refusal forms for Magistrate Judge Duffin to be filed within 21 days; the consent/refusal form is available here. Pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (jcl) |

| 06/01/2022 | | Case Opening Modification: The following modification has been made to your case entry: The party names have been modified (they should not have been entered in all caps and should not have had a comma or period) – in the future, please remember to follow the Party Name Guidelines found on our website. Also, the attached summons was not prepared properly – please follow the instructions and resubmit the summons using the event Request for Issuance of Summons which is found under the heading other documents. Please refer to the attorney case opening instructions, the summons instructions and the party name guidelines found in the user manual for further guidance. (lz) |
|---|---|---|
| 06/01/2022 | 2 | REQUEST for Issuance of Summons by Prepared Food Photos Inc (DeSouza, Daniel) |
| 06/02/2022 | | Summons Issued as to Villard Foodtown LLC. (lz) |
| 07/19/2022 | 3 | DISCLOSURE Statement by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 07/20/2022 | | SECOND NOTICE from the clerk to Plaintiff requesting that the Consent/Refusal form to Magistrate Judge William E Duffin be filed within 14 days; the form is available here. (lz) |
| 07/20/2022 | 4 | Magistrate Judge Jurisdiction Form filed by Prepared Food Photos Inc. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (DeSouza, Daniel) |
| 07/20/2022 | | Case Reassigned to Judge J P Stadtmueller. Magistrate Judge William E Duffin no longer assigned to the case. (lz) |
| 07/21/2022 | 5 | PRETRIAL ORDER signed by Judge J P Stadtmueller on 7/21/2022. (cc: all counsel) (cw) |
| 07/25/2022 | 6 | SUMMONS Returned Executed by Prepared Food Photos Inc. Villard Foodtown LLC served on 7/12/2022. (DeSouza, Daniel) |
| 08/01/2022 | 7 | STIPULATION *for Extension of Time for Defendant to Respond to Complaint* by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 08/02/2022 | 8 | ORDER signed by Judge J P Stadtmueller on 8/2/2022 ADOPTING 7 Parties' Stipulation for Extension of Time. By 8/23/2022, Defendant to RESPOND to 1 Plaintiff's Complaint. (cc: all counsel)(jm) |
| 08/23/2022 | 9 | AMENDED COMPLAINT with Jury Demand against Sharif Jaber filed by Prepared Food Photos Inc. (Attachments: # 1 Summons)(DeSouza, Daniel) |
| 08/23/2022 | | Party Villard Foodtown LLC terminated per 9 Amended Complaint. (rcm) (Entered: 08/24/2022) |
| 08/24/2022 | | Summons Issued as to Sharif Jaber. (rcm) |
| 11/29/2022 | 10 | ORDER signed by Judge J P Stadtmueller on 11/29/2022. IT IS ORDERED that Plaintiff Prepared Food Photos, Inc. file a statement no later than seven (7) days from the date of this Order showing cause why this case should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (cc: all counsel)(rcm) |
| 12/01/2022 | 11 | AFFIDAVIT of Daniel DeSouza . (DeSouza, Daniel) |
| 12/01/2022 | 12 | RESPONSE filed by Prepared Food Photos Inc re 10 Order, (DeSouza, Daniel) |
| 12/01/2022 | 13 | |

| | | |
|---|---|---|
| | | MOTION for Entry of Default by Prepared Food Photos Inc. (Attachments: # 1 Exhibit "A" TO Motion)(DeSouza, Daniel) |
| 12/02/2022 | | TEXT ONLY ORDER signed by Judge J.P. Stadtmueller on 12/2/2022. Plaintiff's 12 response to 10 the Court's order purports to prove service was properly made on Defendant pursuant to Wisconsin statute. However, the 12 response, 11 supporting affidavit, and 13 subsequent motion for entry of default all cite "WI. Stat. § 108.0504," which does not exist. Assuming Plaintiff intended to reference Wis. Stat. § 180.0504, Plaintiff has also not demonstrated that the currently named Defendant is in fact a corporation within the meaning of this statute. A search of Wisconsin Department of Financial Institution business entity records does not reveal any entities under the current Defendant's name or DBA designation. Accordingly, the Court DENIES without prejudice 13 Plaintiff's motion for clerk's entry of default. Further, the Court ORDERS Plaintiff to file a second response to 10 the Court's prior order, explaining why Wis. Stat. § 108.0504 applies or otherwise citing the appropriate statute that governs service on Defendant, within seven (7) days of the date of this Order. (cc: all counsel) (cw) |
| 12/09/2022 | 14 | Summons Returned Unexecuted by Prepared Food Photos Inc as to Sharif Jaber. (DeSouza, Daniel) |
| 12/09/2022 | 15 | MOTION to Enlarge Time to Serve Defendant by Prepared Food Photos Inc. (Attachments: # 1 Exhibit 1 − Affidavit of Non−Service)(DeSouza, Daniel) |
| 12/12/2022 | 16 | ORDER signed by Judge J P Stadtmueller on 12/12/2022 GRANTING 15 Plaintiff's Motion to Enlarge Time to Serve Defendant. Within 60 days, Plaintiff to SERVE Defendant in accordance with Wis. Stat. § 801.11(1)(c) and FILE proof of service on the docket. (cc: all counsel)(jm) |
| 01/13/2023 | 17 | SERVICE by Publication filed by Prepared Food Photos Inc. Last publication date 01/03/2023. (DeSouza, Daniel) |
| 02/06/2023 | 18 | Unopposed MOTION for Leave to File *Second Amended Complaint* by Prepared Food Photos Inc. (Attachments: # 1 Exhibit A)(DeSouza, Daniel) |
| 02/06/2023 | | TEXT ONLY ORDER signed by Judge J.P. Stadtmueller on 2/6/2023. Upon consideration of 18 Plaintiff's unopposed motion for leave to file a Second Amended Complaint, the motion is GRANTED. The Clerk of Court is directed to docket the pleading filed at ECF No. 24−1 as the Second Amended Complaint, and it shall serve as the operative complaint in this matter. (cc: all counsel) (cw) |
| 02/06/2023 | 19 | AMENDED COMPLAINT with Jury Demand against All Defendants filed by Prepared Food Photos Inc. (Attachments: # 1 Exhibits)(rcm) (Entered: 02/07/2023) |
| 02/07/2023 | 20 | REQUEST for Issuance of Summons by Prepared Food Photos Inc (DeSouza, Daniel) |
| 02/08/2023 | | Summons Issued as to NOFAL LLC. (rcm) |
| 02/20/2023 | 21 | ANSWER to 19 Amended Complaint with Jury Demand by Sharif Jaber, NOFAL LLC.(Herda, Amber) |
| 02/20/2023 | 22 | DISCLOSURE Statement by Sharif Jaber, NOFAL LLC. (Herda, Amber) |
| 02/20/2023 | 23 | NOTICE of Appearance by Amber L Herda on behalf of Sharif Jaber, NOFAL LLC. (Herda, Amber) |
| 03/08/2023 | | |

| | | |
|---|---|---|
| | | TEXT ONLY ORDER signed by Judge J.P. Stadtmueller on 3/8/2023. The Court's 5 Pretrial Order requires that, within two weeks of all named parties entering their appearances, they shall submit a joint Rule 26 plan. As of 2/20/2023, all named parties have appeared and Defendants have answered the Complaint. The parties are ORDERED to file a joint Rule 26 plan, or otherwise advise the Court of the status of this case, within fourteen (14) days of the date of this Order. (cc: all counsel) (cw) |
| 03/22/2023 | 24 | *JOINT* REPORT of Rule 26(f) Plan by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 03/29/2023 | 25 | TRIAL SCHEDULING ORDER signed by Judge J.P. Stadtmueller on 3/29/2023. Interim Settlement Report due by 9/1/2023; Dispositive Motions due by 9/22/2023; Final Settlement Report due by 1/8/2024; Motions in Limine and Rule 702 Motions due by 1/12/2024; Final/Joint Pretrial Report due by 2:00 PM on 1/17/2024. Final Pretrial Conference set for 1/30/2024 at 8:30 AM in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI before Judge J.P. Stadtmueller. Jury Trial set for 2/20/2024 at 8:30 AM in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI before Judge J.P. Stadtmueller. See Order. (cc: all counsel) (cw) |
| 03/29/2023 | 26 | ORDER signed by Judge J P Stadtmueller on 3/29/2023 ORDERING that Plaintiff's counsel obtain local counsel, who shall FILE an appearance within 30 days. See Order. (cc: all counsel) (cw) |
| 05/02/2023 | | TEXT ONLY ORDER signed by Judge J.P. Stadtmueller on 5/2/2023. The Court 26 previously ordered that Plaintiff's counsel obtain local counsel. Plaintiff's counsel has not done so within the allotted time. Within fourteen (14) days of this Order, Plaintiffs counsel is ORDERED to obtain local counsel, who shall file an appearance in this case, or to otherwise update the Court as to the status of this case and his efforts to obtain local counsel. (cc: all counsel) (cw) |
| 05/16/2023 | 27 | NOTICE of Appearance by Jeffrey L Leavell on behalf of Prepared Food Photos Inc. Attorney(s) appearing: Jeffrey Leavell (Leavell, Jeffrey) |
| 05/16/2023 | 28 | NOTICE of Appearance by Austin B Borton on behalf of Prepared Food Photos Inc. Attorney(s) appearing: Austin Borton (Borton, Austin) |
| 08/31/2023 | 29 | Interim Settlement Report *JOINT*. (DeSouza, Daniel) |
| 09/22/2023 | 30 | Unopposed MOTION to Modify *Scheduling Order as to Dispositive Motion Deadline* by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 09/22/2023 | | TEXT ONLY ORDER signed by Judge J.P. Stadtmueller on 9/22/2023. Upon consideration of 30 Plaintiff's unopposed motion to modify the 25 scheduling order and extend the dispositive motion deadline, the motion is GRANTED. Dispositive motions are due on or before 10/10/2023. Additionally, related to the parties' representations in the 29 interim settlement report, should the parties wish to seek mediation in this matter, they should so request in writing on the docket. (cc: all counsel) (cw) |
| 10/02/2023 | 31 | Unopposed MOTION to Modify *Scheduling Order* by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 10/03/2023 | | TEXT ONLY ORDER signed by Judge J P Stadtmueller on 10/3/2023. Upon consideration of 31 Plaintiff's unopposed motion to modify the scheduling order in this matter, the motion is GRANTED in part as follows. Dispositive motions are due on or before 1/11/2024. The remaining dates in 25 the Trial Scheduling Order are VACATED and will be reset as necessary upon resolution of any dispositive |

| | | motion(s). (cc: all counsel) (cw) |
|---|---|---|
| 12/09/2023 | 32 | MOTION to Compel *Responses to Second Request for Production* by Prepared Food Photos Inc. (Attachments: # 1 A – Second Request for Production)(DeSouza, Daniel) |
| 01/03/2024 | | NOTICE of Hearing on 32 Plaintiff's motion to compel set for 1/8/2024 at 8:30 AM in Courtroom 425, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge J P Stadtmueller. Counsel must attend in person; Plaintiff may appear through local counsel. (cc: all counsel) (cw) |
| 01/04/2024 | 33 | MOTION for Leave to Appear Remote *Plaintiff's Motion for Daniel DeSouza to Appear Telephonically or Via Zoom at the January 8, 2024 Motion to Compel Hearing* by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 01/05/2024 | | TEXT ONLY ORDER signed by Judge J P Stadtmueller on 1/5/2024. Upon consideration of 33 Plaintiff's counsel's motion to appear remotely at the motion hearing scheduled for 1/8/2024, the motion is DENIED. Plaintiff's primary counsel may appear in person and/or through local counsel; however, the Court will not permit counsel for any party to appear remotely at this time. (cc: all counsel) (cw) |
| 01/08/2024 | 34 | PROPOSED Proposed Order Granting Motion to Compel Discovery Responses filed by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 01/08/2024 | 35 | Minute Order for hearing on 32 Plaintiff's Motion to Compel held before Judge J P Stadtmueller on 1/8/2024. For the reasons stated in Plaintiff's motion and on the record, and in light of Defendants' lack of opposition, the motion is GRANTED. Defendants shall respond to Plaintiff's discovery requests within seven (7) days of today's date. Plaintiff is entitled to recover reasonable attorneys' fees and costs associated with bringing the motion, however, the Court defers determining the recoverable amount until the case is concluded. (Court Reporter Tom Malkiewicz) (cw) |
| 01/09/2024 | 36 | MOTION for Summary Judgment *Plaintiff's Motion for Final Summary Judgment* by Prepared Food Photos Inc. (Attachments: # 1 Exhibit "A" TO Motion, # 2 Exhibit "B" TO Motion, # 3 Exhibit "C" TO Motion, # 4 Exhibit "D" TO Motion, # 5 Exhibit "E" TO Motion)(DeSouza, Daniel) |
| 02/08/2024 | 37 | RESPONSE to Motion filed by All Defendants re 36 MOTION for Summary Judgment *Plaintiff's Motion for Final Summary Judgment* . (Steinle, W) |
| 02/09/2024 | | TEXT ONLY ORDER signed by Judge J P Stadtmueller on 2/9/2024. Upon consideration of 36 Plaintiff's Motion for Summary Judgment and 37 Defendants' response thereto, the motion is DENIED without prejudice. The parties' submissions fail to conform to 5 the Court's protocols applicable to such motions and, moreover, reveal differences that either may be resolved through conferring with one another or may preclude summary judgment altogether. Should either party elect to further pursue dispositive relief, the parties should first meet and confer about the dispositive motion(s). Then they must seek leave of court to file the dispositive motion(s), attaching all proposed materials in support of such motion(s). (cc: all counsel) (cw) |
| 04/11/2024 | 38 | *Defendants' Pretrial Report* PRETRIAL REPORT by All Defendants. (Attachments: # 1 Defendants' Proposed Special Verdict Form)(Steinle, W) |
| 07/08/2024 | 39 | TRIAL SCHEDULING ORDER signed by Judge J P Stadtmueller on 7/8/2024. Final Settlement Report due 9/30/2024; Motions in Limine and Rule 702 Motions due by 10/4/2024; Final Pretrial Report due by 2:00 PM on 10/9/2024. Final Pretrial |

| | | Conference set for 10/15/2024 at 8:30 AM in Courtroom 425, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge J P Stadtmueller. Jury Trial set for 10/28/2024 at 8:30 AM in Courtroom 425, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge J P Stadtmueller. **Pretrial submissions must conform with 5 the Court's directives.** See Order. (cc: all counsel) (cw) |
|---|---|---|
| 09/30/2024 | 40 | Report from Daniel DeSouza, Esq. *Final Settlement Report*. This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(DeSouza, Daniel) |
| 10/09/2024 | 41 | *Joint* PRETRIAL REPORT by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 10/09/2024 | 42 | Proposed Jury Instructions by Prepared Food Photos Inc. (DeSouza, Daniel) |
| 10/15/2024 | 43 | Minute Order for Proceedings held before Judge J P Stadtmueller: Final Pretrial Conference held on 10/15/2024. (Court Reporter Jennifer Stake) (cw) |
| 10/17/2024 | 44 | LETTER from Jeffrey Leavell regarding attendance at trial. (Leavell, Jeffrey) Modified docket text on 10/17/2024 (mew). |
| 10/17/2024 | 45 | ORDER signed by Judge J P Stadtmueller on 10/17/2024. By the end of the day on 10/22/2024, the parties shall jointly prepare and FILE, under case−participant only restriction, a memorandum addressing specified items. See Order. (cc: all counsel)(jm) |
| 10/21/2024 | 46 | Report from Daniel DeSouza, Esq. *Regarding Issues for Trial*. This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document(DeSouza, Daniel) |
| 10/28/2024 | 47 | CERTIFICATE OF SERVICE by Prepared Food Photos Inc *Proof of Service of Subpoena on Amjad S. Hamed* (Attachments: # 1 Certificate of Service Exhibit − Proof of Service)(DeSouza, Daniel) |
| 10/28/2024 | 48 | Minute Entry for Jury Trial begun on 10/28/2024 before Judge J P Stadtmueller: Jury selected. Testimony given. Exhibits received. (Court Reporter Jennifer Stake) (asc) (Entered: 10/30/2024) |
| 10/29/2024 | | Minute Entry for Jury Trial completed on 10/29/2024 before Judge J P Stadtmueller: Jury deliberations and verdict. (Court Reporter Jennifer Stake) (asc) (Entered: 10/30/2024) |
| 10/29/2024 | 49 | Jury Instructions. (jm) (Entered: 10/30/2024) |
| 10/29/2024 | 50 | SPECIAL VERDICT in favor of Plaintiff and against Defendant NOFAL LLC. (jm) (Entered: 10/30/2024) |
| 10/31/2024 | 51 | Exhibit List by Prepared Food Photos Inc. (cmb) |
| 10/31/2024 | | EXHIBITS received for Prepared Food Photos Inc Exhibit list filed. (cmb) |
| 11/01/2024 | 52 | NOTICE by Prepared Food Photos Inc *PLAINTIFFS NOTICE OF ELECTION OF DAMAGES* (DeSouza, Daniel) |
| 11/07/2024 | 53 | ORDER signed by Judge J P Stadtmueller on 11/7/2024. Plaintiff's claim of vicarious liability for copyright infringement against Defendant Sharif Jaber is DISMISSED with prejudice. Plaintiff shall have and recover from Defendant NOFAL, LLC $200.00 in actual damages. CASE DISMISSED. See Order. (cc: all counsel)(jm) |
| 11/07/2024 | 54 | |

| | | |
|---|---|---|
| | | JUDGMENT signed by Deputy Clerk and approved as to form by Judge J P Stadtmueller on 11/7/2024. Plaintiff shall have and recover from Defendant NOFAL, LLC $200.00 in actual damages. (cc: all counsel)(jm) |
| 11/08/2024 | 55 | Report to Copyright Office with Judgment. (mew) |
| 11/20/2024 | 56 | MOTION for New Trial *and/or MOTION to Amend Judgment* by Prepared Food Photos Inc. (Attachments: # 1 Exhibit A − Nofal Responses to Interrogatories, # 2 Exhibit B − Jaber Responses to Interrogatories, # 3 Exhibit C − Defendants' Responses to RFA, # 4 Exhibit D − Notice of Taking Deposition of Nofal, # 5 Exhibit E − Deposition of Sharif Jaber, # 6 Exhibit F − Deposition of Amjad Hamed)(DeSouza, Daniel). Added MOTION to Amend/Correct on 11/20/2024 (mew). |
| 11/20/2024 | | NOTICE of Electronic Filing Error re 56 MOTION for New Trial and/or to Amend Judgment filed by Prepared Food Photos Inc. When filing motions which contain multiple parts, the filer should select all applicable parts from the motion event list. In this case, both a MOTION for a New Trial and a MOTION to Amend/Correct should have been selected. **This document does not need to be re−filed.** (mew) |
| 12/04/2024 | 57 | TRANSCRIPT of Jury Trial − Vol. 1 (Excerpt) held on October 28, 2024 before Judge JP Stadtmueller Court Reporter/Transcriber Jennifer Stake, Contact at 414−290−2640. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website  www.wied.uscourts.gov Redaction Statement due 12/30/2024. Redacted Transcript Deadline set for 1/9/2025. Release of Transcript Restriction set for 3/7/2025. (Stake, Jennifer) |
| 12/04/2024 | 58 | TRANSCRIPT of Jury Trial − Vol. 2 held on October 29. 2024 before Judge JP Stadtmueller Court Reporter/Transcriber Jennifer Stake, Contact at 414−290−2640. Transcripts may be purchased using the Transcript Order Form found on our website or viewed at the court public terminal. **NOTICE RE REDACTION OF TRANSCRIPTS:** If necessary, within 7 business days each party shall inform the Court of their intent to redact personal identifiers by filing a Notice of Intent to Redact. Please read the policy located on our website  www.wied.uscourts.gov Redaction Statement due 12/30/2024. Redacted Transcript Deadline set for 1/9/2025. Release of Transcript Restriction set for 3/7/2025. (Stake, Jennifer) |
| 12/04/2024 | 59 | BRIEF in Opposition filed by Sharif Jaber, NOFAL LLC re 56 MOTION for New Trial *and/or to Amend Judgment* MOTION to Amend/Correct . (Steinle, W) |
| 12/18/2024 | 60 | REPLY BRIEF in Support filed by Prepared Food Photos Inc re 56 MOTION for New Trial *and/or to Amend Judgment* MOTION to Amend/Correct . (DeSouza, Daniel) |
| 04/07/2025 | 61 | ORDER signed by Judge J P Stadtmueller on 4/7/2025 DENYING 56 Plaintiff's Motion for New Trial and/or to Amend Judgment. See Order. (cc: all counsel)(jm) |
| 04/18/2025 | 62 | BILL OF COSTS Proposed by Prepared Food Photos Inc (Attachments: # 1 Exhibit − Invoice for L. Johns Service of Process, # 2 Exhibit − Daughter's Reporting Invoice, # 3 Exhibit − Swift Legal Invoice, # 4 Exhibit − Attorneys Process Servers Invoice, # 5 Exhibit − South Shore Process Invoice, # 6 Exhibit − Daughter's Reporting Invoice, # 7 Exhibit − South Shore Process Invoice, # 8 Exhibit − South Shore Process Invoice, # 9 Exhibit − The Daily Reporter Invoice)(DeSouza, Daniel) |

| 04/21/2025 | 63 | BRIEFING LETTER Electronically Transmitted to Parties re 62 Bill of Costs,,. Objections due May 06, 2025, Response due May 13, 2025, and Reply due May 20, 2025. (cc: all counsel) (bx) |
|---|---|---|
| 04/21/2025 | 64 | MOTION for Attorney Fees by Prepared Food Photos Inc. (Attachments: # 1 A – Sharif Jaber Transcript, # 2 B – DeSouza Declaration, # 3 C – First Set of Interrogatories, # 4 D – First Request for Admissions, # 5 E – Nofal Responses to First Set of Interrogatories, # 6 F – Nofal Responses to First Request for Admissions, # 7 G – Notice of Deposition, # 8 H – Facebook photos, # 9 I – Hamed Transcript)(DeSouza, Daniel) |
| 05/01/2025 | 65 | MOTION to Withdraw by All Defendants. (Attachments: # 1 Affidavit of W. Timothy Steinle)(Steinle, W) |
| 05/03/2025 | 66 | RESPONSE to Motion filed by Prepared Food Photos Inc re 65 MOTION to Withdraw . (DeSouza, Daniel) |
| 05/06/2025 | | TEXT ONLY ORDER signed by Judge J P Stadtmueller on 5/6/2025. The Court has received 65 Defendants' counsels motion to withdraw from representation and 66 Plaintiff's response thereto. On or before 5/9/2025, Defendants' counsel is ORDERED to serve a copy of the moving papers and Plaintiff's response on Defendants and to file a certificate of service thereof. Civ. L.R. 7(e)(3)(B). When the certificate of service is filed, the Court will address the motion to withdraw. (cc: all counsel) (cw) |
| 05/06/2025 | 67 | CERTIFICATE OF SERVICE by All Defendants (Steinle, W) |
| 05/12/2025 | 68 | ORDER signed by Judge J P Stadtmueller on 5/12/2025. 65 Defendants' Attorney's Motion to Withdraw from Representation is GRANTED; specified counsel and the law firm of Terschan, Steinle, Hodan & Ganzer, Ltd are TERMINATED as attorneys for Defendants. The Clerk of Court is DIRECTED to update Defendant Sharif Jaber's mailing address to that listed in the certificate of service at ECF No. 67. Within 3 days, Plaintiff to SERVE a copy of 64 Motion for Attorney's Fees and attachments to Defendants by US Mail and email as provided in ECF No. 67 and FILE a certificate of service as to same. By 6/26/2025, Defendants to FILE any responses to 64 Plaintiff's Motion for Attorney's Fees and to 62 Plaintiff's Bill of Costs; any responses by Defendant NOFAL LLC must be through an attorney. Clerk of Court is DIRECTED to prepare and mail an updated briefing letter on the bill of costs, along with the bill of costs and attachments, to Defendant Sharif Jaber's mailing address. See Order. (cc: all counsel)(jm) |
| 05/12/2025 | 69 | AMENDED BRIEFING LETTER Electronically Transmitted to Parties re 62 Bill of Costs. Objections due June 26, 2025, Response due July 3, 2025, and Reply due July 10, 2025. Pursuant to Dkt 68 Order, deadlines changed; See Order. (cc: all counsel and mailed copies of #68 Order, #62 BOC and letter to prose party – Sharif Jaber) (bx) |
| 05/13/2025 | 70 | CERTIFICATE OF SERVICE by Prepared Food Photos Inc (Attachments: # 1 Proof of US Mailing – Motion for Attorney's Fees, # 2 Proof of US Mailing – Order D.E. 68 and Amended Briefing Letter)(DeSouza, Daniel) |
| 06/02/2025 | 71 | Docket Annotation – This constitutes notification of the release of exhibits currently held by our office for the case referenced above.Parties wishing to claim exhibits currently held by the court should contact the Office of the Clerk of Court on or prior to June 16, 2025 to set up an appointment to pick up the exhibits. Exhibits not removed by this date will be destroyed. (cmb) |

| | | |
|---|---|---|
| 06/10/2025 | 72 | ORDER signed by Judge J P Stadtmueller on 6/10/2025 DIRECTING that the attorney admission fee for Attorney Griffin Klema be waived. (cc: all counsel, via mail to Sharif Jaber)(jm) |
| 06/11/2025 | 73 | NOTICE of Appearance by Griffin C Klema on behalf of Sharif Jaber, NOFAL LLC. Attorney(s) appearing: Griffin C. Klema (Klema, Griffin) |
| 06/16/2025 | | EXHIBITS destroyed. No response to notification received. (cmb) |
| 06/16/2025 | 74 | Unopposed MOTION for Extension of Time *to file opposition to plaintiff's motion for attorney's fees and bill of costs* by NOFAL LLC. (Klema, Griffin) |
| 06/16/2025 | 75 | AMENDED DISCLOSURE Statement by Sharif Jaber, NOFAL LLC. (Klema, Griffin) |
| 06/16/2025 | 76 | MOTION for Extension of Time *nunc pro tunc to file motion for attorney's fees* by Sharif Jaber. (Attachments: # 1 Exhibit 1 – Declaration of W. Timothy Steinle)(Klema, Griffin) |
| 06/17/2025 | | TEXT ONLY ORDER signed by Judge J P Stadtmueller on 6/17/2025. Upon consideration of 74 Defendant NOFAL LLC's motion for an extension of time to respond to 64 Plaintiff's fee petition and 62 bill of costs, which Plaintiff does not oppose, the motion is GRANTED. Defendant NOFAL LLC shall file any response to the petition and objection to the bill of costs on or before 6/30/2025. Briefing thereafter shall comply with Civ. L.R. 7(c) and 54(a), as applicable. <br><br> Further, to assist the Court in timely resolving 76 Defendant Sharif Jaber's motion for an extension of time to file a fee petition, Plaintiff shall file any response thereto on or before 6/24/2025; any reply is due by 6/27/2025. (cc: all counsel) (cw) |
| 06/24/2025 | 77 | RESPONSE to Motion filed by Prepared Food Photos Inc re 76 MOTION for Extension of Time *nunc pro tunc to file motion for attorney's fees* . (Attachments: # 1 Exhibit A – Jones Declaration, # 2 Exhibit B – Discovery Requests and Responses)(DeSouza, Daniel) |
| 06/27/2025 | 78 | REPLY BRIEF in Support filed by Sharif Jaber re 76 MOTION for Extension of Time *nunc pro tunc to file motion for attorney's fees* . (Attachments: # 1 Exhibit A – Declaration of Sharif Jaber, # 2 Exhibit B – Declaration of Griffin Klema)(Klema, Griffin) |
| 06/30/2025 | 79 | OBJECTIONS by NOFAL LLC *re 62 plaintiff's bill of COSTS*. (Klema, Griffin) |
| 06/30/2025 | 80 | BRIEF in Opposition filed by NOFAL LLC re 64 MOTION for Attorney Fees . (Attachments: # 1 Exhibit 1 – Albrizio blog posts, # 2 Exhibit 2 – Copycat email, # 3 Exhibit 3 – Copycat demand letters, # 4 Exhibit 4 – Adlife demand letters, # 5 Exhibit 5 – $30k demand, # 6 Exhibit 6 – $22k demand, # 7 Exhibit 7 – $90k demand)(Klema, Griffin) (Entered: 07/01/2025) |
| 07/02/2025 | 81 | ORDER signed by Judge J P Stadtmueller on 07/02/2025; IT IS ORDERED that Defendant Sharif Jabers motion for an extension of time nunc pro tunc to file a motion for attorneys fees, ECF No. 76, is GRANTED; and IT IS FURTHER ORDERED that Defendant Sharif Jaber shall file any fee motion by Wednesday, July 9, 2025. (cc: all counsel)(bx) |
| 07/07/2025 | 82 | RESPONSE filed by Prepared Food Photos Inc re 79 Objections *PLAINTIFFS RESPONSE TO NOFAL LLCS OBJECTION TO BILL OF COSTS* (DeSouza, Daniel) |

| 07/09/2025 | 83 | MOTION for Attorney Fees by Sharif Jaber. (Attachments: # 1 Declaration of W. Timothy Steinle)(Klema, Griffin) |
|---|---|---|
| 07/09/2025 | 84 | BILL OF COSTS Proposed by Sharif Jaber (Klema, Griffin) |
| 07/11/2025 | 85 | BRIEFING LETTER Electronically Transmitted to Parties re 84 Bill of Costs. Objections due July 25, 2025, Response due August 01, 2025, and Reply due August 08, 2025. (cc: all counsel) (bx) |
| 07/25/2025 | 86 | RESPONSE filed by Prepared Food Photos Inc re 84 Bill of Costs (DeSouza, Daniel) |
| 07/30/2025 | 87 | RESPONSE to Motion filed by Prepared Food Photos Inc re 83 MOTION for Attorney Fees *Plaintiff's Memorandum in Opposition to Jaber's Motion for Attorneys Fees and Costs Under the Copyright Act*. (Attachments: # 1 Exhibit A – Declaration of Rebecca Jones, # 2 Exhibit B – Depo Transcript – Sharif Jaber, # 3 Exhibit C – Depo Transcript – Amjad S. Hamed)(DeSouza, Daniel) |
| 07/31/2025 | | NOTICE of Electronic Filing Error re 87 Response to Motion, filed by Prepared Food Photos Inc ; Certain attachments to this document should have been filed as separate entries – Declarations should be filed as stand alone events. **This document does not need to be re–filed**; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (rcm) |
| 08/12/2025 | 88 | REPLY BRIEF in Support filed by Sharif Jaber re 83 MOTION for Attorney Fees . (Klema, Griffin) |
| 03/18/2026 | 89 | ORDER signed by Judge J P Stadtmueller on 3/18/2026. 64 Plaintiff's Motion for Attorney's Fees is DENIED. 83 Defendant Sharif Jaber's Motion for Attorney's Fees is DENIED. Each party to bear its own costs in this action, and no costs shall be awarded to either party pursuant to 62 and 84 Bills of Costs. (cc: all counsel)(jm) |
| 04/13/2026 | 90 | NOTICE OF APPEAL as to 89 Order on Motion for Attorney Fees,,, by Sharif Jaber. Filing Fee PAID $605, receipt number AWIEDC–5217521 (cc: all counsel) (Klema, Griffin) |
| 04/13/2026 | 91 | Attorney Cover Letter re: 90 Notice of Appeal (Attachments: # 1 Docket Sheet)(bx) |
| 04/13/2026 | 92 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 90 Notice of Appeal (bx) |
| 04/14/2026 | 93 | USCA Case Number 26–1757 USCA re: 90 Notice of Appeal filed by Sharif Jaber. (bx) |
| 04/22/2026 | 94 | NOTICE OF CROSS APPEAL as to 89 Order on Motion for Attorney Fees,,, 81 Order on Motion for Extension of Time, by Prepared Food Photos Inc. Filing Fee PAID $605, receipt number AWIEDC–5226950. (DeSouza, Daniel) |
| 04/22/2026 | 95 | Attorney Cover Letter re: 94 Notice of Cross Appeal (Attachments: # 1 Docket Sheet)(bx) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Case No. 2:22-cv-00642-JPS

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

NOFAL LLC d/b/a FOOD TOWN MART and
SHARIF JABER,

     Defendants.

---

## <u>PLAINTIFF'S CROSS-NOTICE OF APPEAL</u>

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

("<u>Plaintiff</u>") appeals to the United States Court of Appeals for the Seventh Circuit from:

(a) the Order [D.E. 89] denying Plaintiff's bill of costs [D.E. 62] and Plaintiff's motion for

     attorneys' fees [D.E. 64] and

(b) the Order [D.E. 81] granting defendant Sharif Jaber's ("<u>Jaber</u>") Motion for Extension

     of Time Nunc Pro Tunc to File Motion for Attorney's Fees [D.E. 76].


                          Respectfully submitted,

Dated: April 22, 2026.             COPYCAT LEGAL PLLC
                                    3111 N. University Drive
                                    Suite 301
                                    Coral Springs, FL 33065
                                    Telephone: (877) 437-6228
                                    dan@copycatlegal.com

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Case 2:22-cv-00642-JPS    Document 94    Filed 04/22/26    Page 1 of 6

By: /s/ Daniel DeSouza____
Daniel DeSouza, Esq.
Florida Bar No. 19291

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

By: /s/ Daniel DeSouza____
Daniel DeSouza, Esq.

2
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| PREPARED FOOD PHOTOS, INC., | |
| Plaintiff, | |
| | Case No. 22-CV-642-JPS |
| v. | |
| SHARIF JABER and NOFAL, LLC, *doing business as* FOOD TOWN MART, | **ORDER** |
| Defendants. | |

## 1.     INTRODUCTION

In this case, Plaintiff Prepared Food Photos, Inc. ("Plaintiff") accused Defendants Sharif Jaber ("Jaber") and NOFAL, LLC doing business as Food Town Mart ("NOFAL") (together, "Defendants") of infringing its copyright on a single photo of raw pork chops. *See generally* ECF No. 19. Plaintiff specifically alleged that the infringement occurred when NOFAL posted the subject photo on its business Facebook page, and that Jaber was vicariously liable for that infringement because Jaber, "[a]s the manager and sole member of NOFAL," could control its infringing acts, failed to do so, and ultimately profited from the infringement. *Id.* at 6, 8–9.

The case proceeded to a jury trial on October 28 and 29, 2024. ECF No. 48. The jury found, in relevant part, that:

- NOFAL infringed upon the copyrighted material of Plaintiff, but its infringement was not willful;

- Jaber did not vicariously infringe upon the copyrighted material of Plaintiff; and

- The sum of $200.00 fairly and reasonably compensates Plaintiff for its actual damages.

ECF No. 50; ECF No. 54 (final judgment). The Court upheld the jury's verdict in full over a post-trial motion from Plaintiff. ECF No. 61.

Now before the Court are two motions for attorney's fees: Plaintiff seeks its attorney's fees for its victory against NOFAL, ECF No. 64, and Jaber seeks his attorney's fees for his victory against Plaintiff, ECF No. 83.[1] Plaintiff moves for $69,255 in fees under the Copyright Act or, in the alternative, under Federal Rule of Civil Procedure 37. *See generally* ECF No. 64. Jaber moves for $50,250 in fees under the Copyright Act only. *See generally* ECF No. 83. Both motions are fully briefed. ECF Nos. 80 (NOFAL's opposition to Plaintiff's motion), 87, 88 (briefing on Jaber's motion). Plaintiff and Jaber also filed bills of costs. ECF Nos. 62, 84. For the reasons stated herein, both motions for fees will be denied and no fees or costs will be awarded to either party.

For the sake of brevity, the Court incorporates by reference its previous recitation of the facts as developed at trial. ECF No. 61 at 2–12. The Court will reference additional facts from the parties' motions as necessary throughout this Order, omitting underlying citations to the record, which at this point is well-established.

---

[1]After Defendants failed to pay their first attorney, that attorney was permitted to withdraw, and pro bono counsel later appeared for Defendants. ECF Nos. 65, 68, 72, 73. Jaber, through pro bono counsel, sought additional time to file his motion for attorney's fees, which Plaintiff opposed but the Court granted. ECF Nos. 76–78.

## 2. LEGAL STANDARD

### 2.1 Fees Under the Copyright Act

In a copyright action, the Court may, "in its discretion," allow "the recovery of full costs" and "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "If a party successfully demonstrates that it is a prevailing party, the reviewing court next considers the nonexclusive factors endorsed by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, . . . (1994): (1) the frivolousness of the claims or defenses asserted by the non-prevailing party; (2) that party's motivations in pursuing its claims or defenses; (3) the objective unreasonableness (both in the factual and in the legal components of the case) of those claims or defenses; and (4) the need for compensation or deterrence." *GC2 Inc. v. Int'l Game Tech., IGT, Doubledown Interactive LLC*, 391 F. Supp. 3d 828, 857 (N.D. Ill. 2019) (citing *HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 387 (7th Cir. 2011)).

### 2.2 Fees Under Federal Rule of Civil Procedure 37

A party may move to recover its attorney's fees and expenses if it requests admissions under Federal Rule of Civil Procedure 36 and the responding party "fails to admit" the matter as requested and "the requesting party later proves . . . the matter true." FED. R. CIV. P. 37(c)(2). The Court must grant such a motion unless "the request was held objectionable under Rule 36(a)," "the admission sought was of no substantial importance," "the party failing to admit had a reasonable ground to believe that it might prevail on the matter," or "there was another good reason for the failure to admit." *Id.* at 37(c)(2)(A)–(D). If the motion is granted, the party may recover its attorney's fees "incurred in making that proof." *Id.* at 37(c)(2).

3.     ANALYSIS

### 3.1     Prevailing Party for Fees Under the Copyright Act

Only prevailing parties are eligible to recover their attorney's fees from the opposing party. *See GC2 Inc.*, 391 F. Supp. 3d at 858 ("At the threshold, a party seeking recovery of attorney's fees must demonstrate that it is the 'prevailing party.'"). Plaintiff concedes that Jaber is the prevailing party on Plaintiff's vicarious infringement claim. ECF No. 87 at 1 ("While Jaber did prevail at trial . . . ."). NOFAL does not make any explicit argument that Plaintiff is not the prevailing party on its direct infringement claim. *See* ECF No. 80 at 12–13 (outlining legal standard and proceeding directly to *Fogerty* factors).

"[A] litigant 'prevails' (for the purpose of fee-shifting statutes) when it obtains 'a material alteration of the legal relationship between the parties[.]'" *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)). "A judgment in a party's favor has such an effect . . . ." *Id.*

Under this definition—and as discussed further below—both Plaintiff and Jaber theoretically could be considered prevailing parties. Plaintiff won a money judgment against NOFAL, and Jaber won a dismissal with prejudice of Plaintiff's claim against him. ECF No. 54. They each obtained, as a result of the jury's verdict, material alterations of the legal relationships amongst themselves (and NOFAL), and the judgment embodies findings in each party's favor. Jaber's victory cannot "be characterized as purely technical or *de minimis*," *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (collecting cases); his success changed his legal relationship with Plaintiff from one of potential

Page 4 of 16

liability to one of no liability. *See GC2 Inc.*, 391 F. Supp. 3d at 859 (finding no meaningful alteration of the parties' legal relationship where overall potential liability remain unchanged).

Unfortunately, the parties' briefing focuses much more on "should" rather than "can": they exclusively analyze whether the *Fogerty* factors favor awarding any fees, bypassing threshold questions on whether they can both be considered prevailing parties (and if so, why the Court should grant two fee motions that would largely cancel one another out) or whether the Court is required to find a prevailing party, and award fees, at all.[2]

Beginning with the latter point: neither party acknowledges Seventh Circuit precedent finding that a district court acts within its discretion when it declines to award fees under the Copyright Act because "the jury's verdict points in two directions as to who prevailed." *Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 906 (7th Cir. 2019), *cert. denied*, 589 U.S. 1138 (2020). In that case, the plaintiff claimed damages under the Visual Artist Rights Act of 1990 ("VARA"), an amendment to the Copyright Act, for destruction of 1,457 pieces of his artwork, others' artwork, and his personal property that he had stored in the defendants' facility. *Id.* at 900–01. A jury "found that

---

[2]The Court did not address these legal issues in previous orders in this case because they go to the merits of any § 505 fee motion and were not ripe for adjudication at that time. For example, when Jaber moved to file his fee motion after he failed to do so by the original deadline, the question at that time was not whether he was a prevailing party, but whether he had established excusable neglect to receive an extension of the deadline under Federal Rule of Civil Procedure 6. *See generally* ECF No. 81. Although the Court permitted "Jaber [to] seek[] to vindicate his right to seek fees, as a prevailing party in this matter," *id.* at 6, the Court did not hold that Jaber was in fact a prevailing party. And Plaintiff's status as a prevailing party has always been open for debate, as it acknowledged by arguing this point in its opening brief. ECF No. 64 at 13–14.

the defendants had destroyed four pieces of artwork protected under [VARA] and awarded $120,000 in damages." *Id.* at 900. However, the jury "did not award him damages on the remainder of the works for which he had claimed damages under [VARA] . . . ." *Id.* Based on this outcome, the district court later denied Narkiewicz-Laine's motion for attorneys' fees under 17 U.S.C. § 505, reasoning that "while [Narkiewicz-Laine] had won a damages award covering some of the works, he also lost the majority of the claims he brought." *Id.* at 901. "In the [district] court's view, then, there was no clear prevailing party and Narkiewicz-Laine was not entitled to attorneys' fees." *Id.*

The Seventh Circuit affirmed, noting that Narkiewicz-Laine did not "prevail[] across the board at trial." *Id.* at 906. It upheld the district court's use of discretion to deny Narkiewicz-Laine's fee motion on this basis, reasoning that "plaintiffs and defendants are on equal footing for purposes of fee awards under § 505" and therefore that the court need not "treat[] successful plaintiffs more favorably than successful defendants in terms of the award of attorney's fees." *Id.* (quoting *Fogerty*, 510 U.S. at 524). Likewise, in an earlier case, the Seventh Circuit "agree[d] with the district court's finding that neither [the plaintiff], who prevailed on but two of its seven [copyright] infringement claims, nor [the defendant], who wound up on the wrong end of a $10,000 judgment, can be deemed the 'prevailing' party." *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1022 (7th Cir. 1991), *abrogated on other grounds by Fogerty*, 510 U.S. 517.

One district court has criticized *Video Views* as inconsistent with the Supreme Court's holdings in other fee cases that "'the amount of damages awarded' is generally irrelevant to deciding whether a party has prevailed and that prevailing-party status 'only requires success on the merits of at

least some of [the fee movant's] claims.'" *Tempest Publ'g, Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 721 (S.D. Tex. 2015) (citing *Farrar v. Hobby*, 506 U.S. 103 (1992) and quoting *Buckhannon*, 532 U.S. at 603–04). This criticism, while insightful, does not help resolve the question here: who is the prevailing party in this case, Plaintiff, Jaber, neither, or both?

On the other hand, in a different context—a Lanham Act trademark case in which both plaintiff and defendant "ultimately lost on their claims" and moved for costs under Federal Rule of Civil Procedure 54—the Eleventh Circuit rejected the proposition that Rule 54 means that "the district court *must* name a prevailing party in every case." *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1373–74, 1378–80 (11th Cir. 2022); *id.* at 1375 (noting district court's findings that "[Royal Palm] . . . maintained the Trademark" and also that "it was found that [Pink Palm's] prior conduct did not infringe that Trademark," so that "each Party prevailed and lost on one of two central issues in this case—leaving no clear winner"). It first found that "the meaning of 'prevailing party' is the same in either context—fees or costs." *Id.* at 1377. It went on to hold that "[a]dopting a rule that allows room for scenarios where neither party satisfies the 'minimum' alternation-of-the-legal-relationship requirement for prevailing party status makes sense[,] . . . [and n]othing in Rule 54, nor in Supreme Court precedent requires the district court to arbitrarily name a winner in such instances where neither party crosses the threshold to prevailing party status." *Id.* at 1380 (citing *Garland*, 489 U.S. at 792). The appellate court noted that the Federal Circuit has opined "that [Rule 54 means that] the court must declare a prevailing party" but the Eighth, Fifth, and Second Circuits all have found "instances where neither party prevails." *Id.* at 1378–79 (citing *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed.

Cir. 2010); *E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 907 (8th Cir. 2016); *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 584 (5th Cir. 1986); and *Srybnik v. Epstein*, 230 F.2d 683, 686 (2d Cir. 1956)).

Seventh Circuit precedent and persuasive authority, then, would permit the Court to—at a minimum—deny Plaintiff's fee motion because Plaintiff's trial victory was only partial and was offset by Jaber's success. The Ninth Circuit cases that Plaintiff cites in support of its argument that it is the (or a) prevailing party because it proved NOFAL's liability and was awarded some measure of damages are irrelevant in light of this precedent. ECF No. 64 at 13–14 (collecting cases). The Court could deny Jaber's fee motion on the same logic.

The Court moves to the other threshold question of whether Plaintiff and Jaber can both be considered prevailing parties. Jaber did not address this possibility when he moved to file his fee motion past the original deadline, and the Court did not address it at that juncture. *See generally* ECF No. 76 and *supra notes* 1 and 2. Jaber did not address this issue in briefing the instant motion, nor did Plaintiff argue the point. *See generally* ECF Nos. 83, 87. But the parties' dual motions, by their very existence, presuppose such a possibility.

The Court has not located any binding Seventh Circuit authority addressing this point. One district judge in the Northern District of Illinois has entertained both a fee motion by a defendant, IGT PLC, who "successfully sought a motion to dismiss" for lack of personal jurisdiction, and a fee motion by a plaintiff who prevailed on its copyright infringement claims and won damages at a jury trial, and found that both parties were prevailing parties under § 505. *GC2, Inc.*, 391 F. Supp. 3d at 837–38, 857–60. The district court found that IGT PLC was a prevailing party by virtue of

its successful motion to dismiss, but did not explain its reasoning for considering that two adverse parties could both be considered prevailing parties. *Id.* at 858–59. And ultimately, the court denied any fees for IGT PLC on the *Fogerty* factors. *Id.* at 859–60.[3]

Other federal courts have rejected the notion that there can be more than one prevailing party for purposes of attorney's fees under the Copyright Act. For example, one district court was faced with competing fee motions from (1) one of two plaintiffs, who prevailed on the merits of its claim against the defendant, and (2) the defendant, who secured dismissal without prejudice of the other plaintiff's claim for lack of standing. *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 234 F. Supp. 3d 760, 783 (E.D. Va. 2017), *rev'd in part and fee award vacated on other grounds*, 881 F.3d 293 (4th Cir. 2018).[4] The district court acknowledged the possibilities that "a defendant [could] prevail against one party, but . . . lose against another" and that there may be multiple prevailing parties when "those parties appear on the same side of a single cause of action," but "read[] § 505 to mean that only one *side* of a cause of action may prevail." *Id.* at 784 (citing *Modick v. Carvel Stores of N.Y., Inc.*, 209 F. Supp. 361, 363 (S.D.N.Y. 1962) and *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 227 (4th Cir. 1993)). To reach this conclusion, it reasoned that "a plain reading of the statute . . . contemplates a single prevailing party" and that "this

---

[3]Despite finding that the plaintiff was a prevailing party because of its trial victory, the court also denied the plaintiff's fee motion on the *Fogerty* factors. *GS Inc.*, 391 F. Supp. 3d at 857–58.

[4]The Fourth Circuit noted that its "holding as to the jury instructions require[d] [it] to vacate [the district court's] award of fees," and explicitly "did not address the merits of those awards." *BMG Rts. Mgmt (US) LLC*, 881 F.3d at 301 n.1.

understanding fits neatly into our adversarial judicial system, which requires a 'case or controversy' so that courts may pick a clear winner from one side of the 'v.'" *Id.* at 783–84 (citing 17 U.S.C. § 505 and U.S. CONST., art. III, § 2, cl. 1). It therefore found that the defendant who secured dismissal without prejudice of one plaintiff's claims could not be considered a prevailing party and accordingly denied the defendant's fee motion. *Id.* at 785.

Another district court addressed whether § 505 permits both sides to recover their costs when each is a partial victor (attorney's fees were not at issue). *Tempest Publ'g*, 141 F. Supp. 3d 712. The plaintiff sued the defendant for copyright infringement on four songs. *Id.* at 716. The defendant won dismissal at summary judgment of the plaintiff's infringement claims as to two songs, and the plaintiff succeeded at a bench trial on its infringement claims as to the other two songs, winning $5,000 in damages. *Id.* Both moved post-trial for their costs, but the court awarded partial costs only to the plaintiff. *Id.* Despite § 505's language that "*any* party" may recover costs, the court reasoned that the statute's provision that "*the* prevailing party" may recover attorney's fees also precluded more than one party from recovering costs. *Id.* at 719–20. In other words, the district court adopted a presumption that there can be only one prevailing party for purposes of § 505 attorney's fees.

*BMG* and *Tempest* explicitly addressed the issue of whether there can be more than one prevailing party in cases like the present one, and both suggest that the Court could deny one of the fee motions in this case for the simple reason that § 505 does not contemplate fee awards to more than one prevailing party when those parties are on opposite sides of the dispute— i.e., both motions cannot coexist. Meanwhile, *GC2, Inc.*, suggests that the

Court could find both Plaintiff and Jaber to be prevailing parties, and contemplate (and theoretically grant) each one's fee motion, but did not set forth legal reasoning explaining how this outcome would be consistent with § 505.[5]

The unique circumstances of this case put the Court in a challenging position of attempting to answer questions that the parties did not brief, but which are essential to the appropriate resolution of their motions. Ultimately it appears that the Court can validly determine under Seventh Circuit precedent that there is no prevailing party, and persuasive precedent points in both directions on whether the Court can or cannot find that there is more than one prevailing party.

The Court finds *Narkiewicz-Laine* most relevant and instructive in the present situation and will follow its reasoning to deny both Plaintiff's and Jaber's fee motions. As the district judge in *Narkiewicz-Laine* explained in initially ruling on the fee motions:

> The reality of this case is that both parties prevailed in some significant aspects, and both parties lost in some significant aspects, such that it is difficult to declare one clear winner. [The p]laintiff prevailed by receiving a judgment in his favor,

---

[5]If the Court were to decide which party in this case is the sole prevailing party, the methodology for doing so is unclear. The Court likely could not declare either Plaintiff or Jaber the prevailing party based solely on the relief that each achieved. In cases of mixed judgments or split verdicts, courts have rejected an "overall prevailing party" methodology, as well as arguments that fees should be apportioned according to a party's degree of success. *See, e.g.*, *Tempest Publ'g*, 141 F. Supp. 3d at 721 ("Section 505 does not speak of an 'overall' prevailing party."); *Balsley v. LFP, Inc.*, 691 F.3d 747, 772 (6th Cir. 2012) (rejecting arguments that one party was the "'overall' prevailing party—and thus . . . the only party entitled to fees simply based on the number of claims that it successfully defended" or that the defendant "should receive at least 'four sevenths (57.1%)' of the fees for the entire action because it was successful on four of [the p]laintiffs' original seven claims" (citing *Farrar*, 506 U.S. at 114)).

> whereas [the] defendants prevailed by successfully defending against most of [the] plaintiff's VARA claims and the enormous amount of damages he sought. Under these circumstances, the court has determined, in its discretion, that there is no prevailing party entitled to attorney's fees and costs under § 505.

No. 11 C 1826, 2018 WL 11276807, at *6 (N.D. Ill. June 14, 2018) (footnotes omitted), *aff'd*, 930 F.3d 897. For the same reasoning, the Court finds in its discretion that there is no prevailing party in this case, and therefore neither Plaintiff nor Jaber is entitled to their attorneys' fees. Because neither party prevailed, the Court will bypass analyzing the *Fogerty* factors for either motion. The Court also need not determine whether Jaber's requested attorney's fees are reasonable; Plaintiff's arguments as to the reasonableness of its counsel's fees are briefly addressed and dismissed in the next section.

### 3.2    Plaintiff's Motion for Fees Under Rule 37

The Court separately analyzes Plaintiff's alternative Rule 37 fee request, which comprises a single paragraph in its brief. ECF No. 64 at 18.[6] Plaintiff argues that it is entitled to its attorney's fees "for [NOFAL's] failure to admit a multitude of Plaintiff's requests for admissions" relating to facts Plaintiff later proved at trial. *Id.* Jaber initially denied, and NOFAL denied in its answer, any affiliation with the Facebook page on which Plaintiff's photo was posted in violation of Plaintiff's copyright. *Id.* at 3. NOFAL also denied affiliation with the Facebook page in its August 2023 responses to Plaintiff's requests for admissions. *Id.* at 5–6. In his September 2023 deposition as NOFAL's corporate representative, Jaber likewise denied that

---

[6]Jaber's opposition to this argument is just two sentences, ECF No. 80 at 18, and does not engage at all with the Rule 37 standard.

NOFAL has a Facebook page or controlled the Facebook page on which the infringing photo appeared. *Id.* at 6–7. On the other hand, Jaber's son, Amjad Hamed ("Amjad"), who served as floor manager of the store NOFAL owned (Food Town Mart), testified in his December 2023 deposition that the Facebook page was affiliated with Food Town Mart and that he himself posted Plaintiff's photo there. *Id.* at 9. Amjad testified at trial that Jaber did not know, at the time of infringement in September 2020, about the Facebook page. ECF No. 61 at 6.

Jaber testified at trial that he "became aware of the Facebook page and its affiliation with NOFAL after he and NOFAL were named as Defendants in the operative complaint in February 2023"—several months prior to his denials in discovery and deposition of that fact. ECF No. 61 at 6. Post-trial, the Court dismissed Plaintiff's argument "that the Court's decision to exclude evidence of Defendants' statements in discovery that were inconsistent with Jaber's testimony at trial resulted in an unfair trial." *Id.* at 31. "[W]hile it is true that Jaber made incorrect statements in discovery," the Court observed, "he corrected the mistakes and testified truthfully to the jury even though doing so was not to his benefit . . . ." *Id.*

The Court also noted that "[t]o the extent the jury questioned whether Jaber, by virtue of his asserted lack of knowledge of the Facebook page and post prior to February 2024, had the right and ability to control the infringing activity, it appears that as a legal matter he did." *Id.* at 23–24 n.7 (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 931 n.9 (2005), which explains that the theory of "vicarious liability allows imposition of liability when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer,

even if the defendant initially lacks knowledge of the infringement" (citations omitted)).

Based on these facts, the Court finds that Plaintiff is not entitled to its attorney's fees under Rule 37(c) because "the admission sought was of no substantial importance." FED. R. CIV. P. 37(c)(2)(A)–(D). Plaintiff makes much of the fact that Defendants took inconsistent positions during the lawsuit, while ignoring that the Court has already held that failure to admit evidence of this inconsistency at trial was proper. Plaintiff also does not account for the Court's finding that, even if such evidence had been admitted, it could not have made a difference to the jury's verdict because Jaber's knowledge of the Facebook page where the infringing content appeared was legally irrelevant to his right and ability to supervise NOFAL, the direct infringer. *Metro-Goldwyn-Mayer Studios*, 545 U.S. at 931 n.9.

Accordingly, Plaintiff's motion must be denied to the extent it seeks attorney's fees under Rule 37. The Court also briefly notes that it finds Plaintiff's fee request excessive for the Rule 37 context. Plaintiff faults Defendants for not earlier amending the answer or their discovery responses "[d]espite [Amjad's] testimony/admissions." ECF No. 64 at 10. Plaintiff argues that it should receive its attorney's fees for this failure to admit "in the full amount . . . [it] was forced to incur from the date of service of [Defendant's] responses [to discovery] through trial." *Id.* at 18. Plaintiff's billing records include numerous entries during that time frame that have an extremely tenuous or no relationship to Defendants' failure to admit— for example, drafting an interim settlement report and motions to modify the scheduling order, and corresponding regarding settlement demands and trial preparations—as well as thousands spent for trial preparations

and nearly $10,000 in billing for entire trial days, only a small portion of which was realistically spent preparing for and eliciting the above-referenced admission from Jaber. ECF No. 64-2 at 10–11. Even if the Court had approved Plaintiff's Rule 37 fee request, the claimed fees would be far in excess of the "fees incurred in making [the] proof" of matters Jaber failed to admit, and the request would be subject to a significant reduction. FED. R. CIV. P. 37(c)(2).

### 4.     CONCLUSION

For all these reasons, the Court will deny both Plaintiff's and Jaber's motions for their attorneys' fees.

Because there is no prevailing party in this matter, the Court further finds that neither party is entitled to its costs. It is not clear whether the parties are moving for costs under the Copyright Act or Rule 54, but either way, the Court's finding would be the same. *See* 17 U.S.C. § 505 (permitting the Court "in its discretion" to award costs); FED. R. CIV. P. 54(d)(1) (providing that costs "should be allowed to the prevailing party" "[u]nless . . . a court order provides otherwise"); *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 284 (1946) ("Th[e] allowance [of costs] to the prevailing party is not . . . a rigid rule. Under the Rules of Civil Procedure the court can direct otherwise." (citing FED. R. CIV. P. 54(d))); *see also, e.g., Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 113–14 (D.D.C. 2017) (requiring each party to bear its own costs due to "the mixed nature of the judgment"); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 412 F. Supp. 2d 571, 574–76 (E.D. Va. 2006) (declining to award either party their costs under Rule 54 because "th[e] case produced a mixed outcome and there is no prevailing party").

Accordingly, each party shall bear its own costs in this action, and no costs shall be awarded pursuant to the parties' bills of costs, ECF Nos. 62, 84.

Accordingly,

**IT IS ORDERED** that Plaintiff Prepared Food Photos, Inc.'s motion for attorney's fees, ECF No. 64, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Sharif Jaber's motion for attorney's fees, ECF No. 83, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that each party shall bear its own costs in this action, and no costs shall be awarded to either party pursuant to their bills of costs, ECF Nos. 62 and 84.

Dated at Milwaukee, Wisconsin, this 18th day of March, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PREPARED FOOD PHOTOS, INC.,

        Plaintiff,

v.

SHARIF JABER and NOFAL, LLC,
*doing business as* FOOD TOWN
MART,

        Defendants.

Case No. 22-CV-642-JPS

**ORDER**

In this action, Plaintiff Prepared Food Photos, Inc. ("Plaintiff") prevailed at a jury trial on a claim of copyright infringement against Defendant NOFAL, LLC doing business as Food Town Mart ("NOFAL"), but the jury found NOFAL's principal, Defendant Sharif Jaber ("Jaber"), not vicariously liable for copyright infringement. ECF No. 50 at 1–2. Accordingly, the Court dismissed Plaintiff's claim against Jaber with prejudice. ECF No. 54 at 2. After adjudication of its post-trial motion, Plaintiff filed a motion for attorney's fees, which remains pending. ECF No. 64. Subsequently, former counsel for both Defendants, Timothy Steinle ("Attorney Steinle"), was permitted to withdraw because Jaber had failed to communicate with or pay counsel. ECF No. 68. Since then, pro bono counsel has appeared for Defendants and filed a response to Plaintiff's fee motion. ECF Nos. 73, 80.

Jaber now seeks an extension of time *nunc pro tunc* to file his own motion for attorney's fees, as the prevailing party on Plaintiff's vicarious

infringement claim. ECF No. 76. That motion is fully briefed. ECF Nos. 77, 78. For the reasons stated below, the motion will be granted.

Because the Court resolved Plaintiff's post-trial motion on April 7, 2025, ECF No. 61, the deadline for filing motions for attorney's fees was fourteen days later, April 21, 2025. *See Prude v. Meli*, No. 17-CV-336-SLC, 2024 WL 5455763, at *3 (W.D. Wis. Nov. 21, 2024) (noting that fee motions are due within fourteen days of resolution of a post-trial motion and collecting cases). Plaintiff's fee motion was timely. Jaber did not propose to file his fee motion until mid-June 2025, well after that deadline.

The Court may pardon missed deadlines on a finding that "the party failed to act [by the deadline] because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect analysis

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Whether to find excusable neglect and permit a party to file a motion that would otherwise be untimely is up to the Court's discretion. *Id.*

Jaber argues that he satisfies each of these factors, ECF Nos. 76 and 78, while Plaintiff argues that he has not met any of them, ECF No. 77. The Court examines each factor in turn.

First, Jaber contends that Plaintiff will suffer no prejudice if he is permitted to file his own fee motion. ECF No. 76 at 6–8. Jaber points out that Plaintiff itself "extended" proceedings in this case with post-trial

motion practice and has not opposed other requests to extend deadlines, hypothesizing that its "opposition [to Jaber filing a late fee motion] appears motivated not by any prejudice but rather by its desire to avoid fees liability." *Id.* at 7.[1] Plaintiff responds that it would be prejudiced if Jaber is permitted to file a fee motion because, had Plaintiff known that he would do so, "Plaintiff would have pursued an appeal in this matter," the deadline for which has now passed. ECF No. 77 at 6–7 (citing ECF No. 77-1); Fed. R. App. P. 4(a)(1)(A) and (a)(4) (providing appeal deadline of thirty days after the district court's disposition of a post-trial motion). In reply, Jaber asserts that any appeal by Plaintiff would have been meritless and that Plaintiff's decision to forego an appeal because Jaber did not initially seek his attorney's fees "is simply an admission that it would have used a frivolous merits appeal as a weapon to bully Jaber out of pursuing his fees." ECF No. 78 at 6–8.

Consideration of this first factor cuts narrowly in Jaber's favor. Jaber's arguments about Plaintiff's motives and the merits of its theoretical appeal are largely speculative and of little persuasive value to the Court. The Court notes and appreciates that attorneys and their clients must often undertake tactical decision-making and cost-benefit analysis to determine how far to pursue cases, as it appears that Plaintiff did here. Nevertheless, Plaintiff's recourse if it believed that it had legitimate issues to present on appeal was to appeal. Plaintiff gave up that right and accepted the consequences of doing so. The Court cannot conclude that Plaintiff would

---

[1]Jaber also accuses Plaintiff of being a "serial litigant" and a "copyright troll[]." ECF No. 76 at 6 & n.2; *id.* at 13 (quoting *Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.*, 77 F.4th 630, 634 (7th Cir. 2023)); ECF No. 78 at 6–8. The Court does not find this argument to be relevant to the excusable neglect analysis and will disregard it.

be prejudiced because the circumstances relative to its decision to forego an appeal have changed. Moreover, there was always some opportunity cost to Plaintiff in deciding to forego an appeal. Awarding attorney's fees is up to the discretion of the Court, *Live Face*, 77 F.4th at 632 (noting the "very strong presumption in favor of [the prevailing party] recovering their fees" but stating that "[t]hat presumption can of course be overcome"), so Plaintiff always knew there was a possibility that the Court might not permit it to recover its attorney's fees in full or at all from NOFAL, regardless of whether it appealed or the outcome of that appeal. For this reason, the Court finds that the prejudice factor weighs narrowly in favor of permitting Jaber to file his proposed fee motion.

The second factor—the length of Jaber's delay in bringing his motion and the impact that permitting him to file it would have on these proceedings—weighs slightly in Jaber's favor. Jaber argues that, if permitted to file his motion, there would be a minimal difference of a few weeks between when Plaintiff's and his fee motions are fully briefed, so any impact on the proceedings would be minimal. ECF No. 76 at 8. Plaintiff volunteers that this factor is "at best . . . neutral" and urges the Court to advance this matter to finality. ECF No. 77 at 7. The Court agrees with Plaintiff that it is time to put this matter to bed, but having to adjudicate two fee motions instead of one would not significantly hinder this goal.

The third factor, the reasons for Jaber's delay in filing the fee petition including whether the delay was within his reasonable control, is neutral. Jaber avers that the reason that Attorney Steinle failed to timely seek fees post-trial was because he "did not initially recognize" that Jaber was a prevailing party and therefore entitled to seek fees. ECF No. 76 at 10; ECF No. 76-1 at 2–3. Plaintiff questions how this could be true when the

pleadings, the parties' discovery responses and pretrial submissions, and the judgment all embody *separate* claims against NOFAL and Jaber. ECF No. 77 at 8–9 (citing and quoting, *e.g.*, ECF Nos. 19, 41, and 42). In any event, Plaintiff argues that if Attorney Steinle did in fact make a mistake, "such neglect would not be 'excusable' under any interpretation" because "attorney in-attentiveness to litigation is not excusable . . . ." *Id.* at 9 (quoting *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004)).

Attorney Steinle's oversight falls "within the gray area between [inexcusable inattentiveness or] carelessness and excusable neglect." *Easley*, 382 F.3d at 698 (quoting *Hough v. Loc. 134, Int'l Bhd. of Elec. Workers*, 867 F.2d 1018, 1022 (7th Cir. 1989)). Should it have been obvious to Attorney Steinle that one of his clients prevailed at trial? Yes. Should it have been obvious to Attorney Steinle that—absent any communication or payment from his clients for months—he nonetheless should have filed a fee motion on Jaber's behalf before the time to do so expired? Not so much. The Court cannot conclude that Attorney Steinle was inexcusably inattentive to this matter; indeed, he successfully defended Plaintiff's post-trial motion without communication or payment from Jaber. Rather, it seems that Attorney Steinle made a perhaps slapdash judgment call about how to move forward with Defendants' case. This conduct narrowly falls on the excusable side of the spectrum, and this portion of the analysis of the third factor favors Jaber.

With respect to whether the delay was within Jaber's reasonable control, he acknowledges that he failed to communicate with Attorney Steinle after trial ended, so "even if [Attorney Steinle] had earlier recognized [that] Jaber was a prevailing party," "Attorney Steinle's ability to pursue a fees motion without Jaber's input and authorization was

compromised." ECF No. 76 at 11.[2] Plaintiff responds that any delay was fully within Jaber's control because he "deliberately ignored [Attorney] Steinle [and] any rights [he] may have had under the [j]udgment."[3] Here, the Court agrees with Plaintiff—Jaber has not provided a good explanation for why he should now be permitted to do, through pro bono counsel, what Steinle could have done on time had Jaber not ignored him. This portion of the analysis of the third factor favors Plaintiff. Because the first portion of the analysis of the third factor favors Jaber, the third factor has an overall neutral effect in the excusable neglect analysis.

As to the fourth and final factor, the Court finds that Jaber, Attorney Steinle, and Jaber's new pro bono counsel have all acted in good faith. Attorney Steinle made diligent attempts to contact Jaber and declined to overextend his authority by filing a fee motion on Jaber's behalf without first consulting with Jaber. Jaber's new pro bono counsel acted promptly to correct the omission. And Jaber seeks to vindicate his right to seek fees, as a prevailing party in this matter, which he is expressly permitted to do. 17 U.S.C. § 505.

After considering all these factors, the Court concludes that Jaber has narrowly demonstrated excusable neglect for his failure to file a fee motion by the original deadline. The Court will therefore permit Jaber to file a fee motion on or before **Wednesday, July 9, 2025**. Thereafter, the briefing

---

[2] Jaber further states that Attorney Steinle could not have filed a fee motion without his consent because "the right to attorney's fees is not that of the lawyer, but of the client." ECF No. 76 at 11–12 (collecting cases).

[3] Plaintiff accuses Defendants' pro bono counsel of having "directly solicit[ed] Jaber" as a client, possibly in violation of Wisconsin's ethical rules for attorneys. ECF No. 77 at 10 & n.6 (citing Wis. Sup. Ct. R. 20:7.3). This argument is wholly irrelevant to the instant motion, and the Court has disregarded it.

schedule and page limits in Civil Local Rule 7 will apply. If the parties wish to submit the matter of their fees to mediation before a magistrate judge, or if the parties settle their fees outside of court, they should indicate as much in writing on the docket as soon as possible.

Accordingly,

**IT IS ORDERED** that Defendant Sharif Jaber's motion for an extension of time *nunc pro tunc* to file a motion for attorney's fees, ECF No. 76, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant Sharif Jaber shall file any fee motion on or before **Wednesday, July 9, 2025**.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge