**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

**Case No. 26-1757
Case No. 26-1859**

PREPARED FOOD PHOTOS, INC.,
f/k/a Adlife Marketing & Communications Co., Inc.

     Plaintiff-Appellee / Cross-Appellant,

v.

SHARIF JABER,

     Defendant-Appellant,

Nofal, LLC,

     Defendant-Cross-Appellee.

---

**SHARIF JABER AND NOFAL LLC'S
MOTION TO REALIGN THE BRIEFING SCHEDULE AND
MOTION TO EXTEND THE TIME TO FILE THE INITIAL BRIEF**

Defendant-Appellant, Sharif Jaber, and Defendant-Appellee Nofal LLC, pursuant to Fed. R. App. P. 27, Seventh Cir. R. 28(d)(2), and Seventh Cir. Operating P. 8, move to realign the parties and briefing schedule, and move to extend the time to file the initial brief or in the alternative to hold briefing in abeyance pending disposition of this motion. In support thereof, they state:

Appellant Sharif Jaber initiated this appeal seeking review of the District

Court's denial of his motion for attorney's fees and costs after successfully obtaining a judgment of no liability on plaintiff-appellee Prepared Food Photos, Inc.'s ("Prepared Food") suit for copyright infringement. Notice of docketing, [26-1757 DE 1-3].

Prepared Food later cross-appealed on the same underlying fees and costs order, but expanded the scope of this Court's review to include a separate order: the district court's order granting Jaber's motion for extension of time to file his fees motion and bill of costs. Pltf's Cross-Notice of Appeal [26-1859 DE 1-1].

This Court consolidated the two appeals, [26-1757 DE 7] and issued a briefing schedule in which Jaber is presently required to file an initial brief first on June 22, 2026, with Prepared Food ultimately filing a reply brief last, on or before September 11, 2026. [26-1757 DE 8]. The current briefing schedule contemplates four potential briefs.

The Court issued two show cause orders to Prepared Food, instructing it to either file the required docketing statement or risk dismissal of its cross-appeal. [26-1859 DE 4 and 5]. On June 10, 2026, Prepared Food finally complied and filed its tardy docketing statement. [26-1859 DE 6]. But prior to that moment, it was unclear whether the cross-appeal would be dismissed, thus

potentially obviating the need for the instant motion. But now that Prepared Food has filed its docketing statement, Jaber and Nofal move to realign the parties and the briefing schedule to conform to the real appellant in interest, Prepared Food.

Pursuant to the Court's operating procedures, where a cross-appeal has been filed, "the scheduling order usually will call on the party principally aggrieved by the judgment to file the opening brief." Seventh Cir. Operating P. 8. Despite the Clerk's initial determination, a party who believes the designation is inappropriate may file a motion for realignment of the briefing schedule. Seventh Cir. R. 28(d)(2).

Here, Prepared Food has appealed two orders while Jaber appealed one. The additional order on appeal thus significantly expands the scope of this Court's review and includes relief sought by Prepared Food well beyond that sought by the initial appellant, Jaber. Prepared Food is, therefore, the party "principally aggrieved," notwithstanding that it filed its appeal after Jaber.

The orderly disposition of this proceeding will be aided by Prepared Food filing its initial brief on the two orders, with responsive briefing thereto by Sharif Jaber and Nofal, LLC together with initial briefing by Jaber on the fees and costs issue as to him, then followed by a response brief by Prepared Food

on Jaber's initial briefing in the second brief, and ultimately concluding with Jaber filing a reply brief, if any, to Prepared Food's response brief. Having Prepared Food brief the issues on the two orders for which it seeks review first provides a more natural and orderly disposition of this consolidated appeal. A combined response from both Jaber and Nofal in their brief, *after* Prepared Food's initial brief would include: (1) Jaber's briefing as to issue of propriety of the district court's discretion in affording him time to file his fees motion and bill of costs, (2) Nofal's briefing as to the issue of Prepared Food's argument on the fees order, and (3) Jaber's initial briefing as to the district court's fees order as concerns him being a prevailing party. Prepared Food would then file a combined reply brief in support of its appeal together with its opposition brief to Jaber's appeal. A final reply brief by Jaber, if any, would address matters in Prepared Food's opposition brief. Essentially, the proposed briefing schedule simply inverts the roles of Prepared Food on the one hand and Jaber and Noval on the other hand, keeping the scope of the briefs the same but recognizing that Prepared Food is the party principally aggrieved and thus first to brief its issues, with the final opportunity to Jaber in a reply brief.

Apart from the realignment, but in recognition of the approaching deadline

on the existing briefing schedule, Jaber moves for an extension of time to file his response brief or alternatively to hold briefing in abeyance pending disposition of this motion. Prepared Food has 14 days to potentially file a response to this motion, 7th Cir. Operating P. 1(c), and it has opposed the relief sought during conferral. Given Prepared Foods' delay in filing the docketing statement combined with its opportunity to oppose the instant motion, an extension of time for the Court to dispose of this motion is appropriate.[1] No prior extensions of time have been sought.

**WHEREFORE**, defendant-appellant Sharif Jaber and defendant-appellee Nofal LLC respectfully request the Court

(1)    hold briefing in abeyance or extend the time for Jaber's opening brief pending disposition of this motion;

(2)    realign the parties to make Prepared Food Photos, Inc. the primary appellant and cross-appellee in this consolidated proceeding, and correspondingly Nofal the appellee with Jaber the cross-appellant; and

(3)    adjust the briefing schedule to require:

a. Prepared Food to file an initial opening brief and required short

---

[1] While Jaber recognizes that Cir. R. 26 requires an affidavit in support of this relief, the facts establishing the grounds are evident from the docket itself.

appendix in appeal no. 26-1859;

b. Nofal, LLC and Sharif Jaber to file a combined response brief in appeal no. 26-1859, together with Jaber filing his initial opening brief in appeal no. 26-1757;

c. Prepared Food to file a combined response brief in appeal no. 26-1757 and a reply brief, if any, in in appeal no. 26-1859; and

d. Jaber to file a reply brief in appeal no. 26-1757.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**KLEMA LAW, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Counsel for Defendant-Appellant Sharif Jaber and Defendant-Appellee Nofal, LLC*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that (I) this document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,021 words, excluding the parts exempted by Rule 32(f); and (II) this document complies with the

typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in Century Expanded, 14-Point font.

    __/s/ Griffin Klema_____
    Griffin C. Klema, Esq.

## CERTIFICATE OF CONFERRAL

I hereby certify that I conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Prepared Food does not agree to the relief sought in this motion.

    __/s/ Griffin Klema_____
    Griffin C. Klema, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Fed. R. App. P. 25(c)(2), a true and correct copy of the foregoing was served through the CM/ECF system on June 10, 2026, on all counsel or parties of record.

    __/s/ Griffin Klema_____
    Griffin C. Klema, Esq.