Appellate Court Case No. 26-1757
Appellate Court Case No. 26-1859

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE
MARKETING & COMMUNICATIONS CO. INC.,

Plaintiff-Appellee and Cross-Appellant,
v.

SHARIF JABER.,

Defendant-Appellant,

NOFAL, LLC d/b/a FOOD TOWN MART

Defendant-Cross Appellee,

---

On Appeal from the United States District Court
For the Eastern District of Wisconsin, Case No. 2:22-cv-00642-JPS

---

# REPLY BRIEF OF APPELLEE/CROSS-APPELLANT PREPARED FOOD PHOTOS, INC.

---

**Daniel DeSouza, Esq.**
CopyCat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
*Counsel for Appellee*

Dated: October 19, 2026

## STATEMENT REGARDING ORAL ARGUMENT

Cross-appellees Sharif Jaber and Nofal, LLC request oral argument in their Combined Response Brief [D.E. 34] because "Nofal raises novel arguments respecting how a plaintiff might not be a prevailing party when the predicate judgment is legally erroneous but left undisturbed due to its nominal amount." Respectfully, Prepared Food Photos disagrees. That counsel for cross-appellees has 'novel' ideas about how the law should be interpreted hardly justifies oral argument in what is otherwise a straightforward appeal with simple issues for this Court to decide. Oral argument should not be granted to parties who ignored this litigation, the underlying judgment, and their obligation to participate in post-trial motion practice until a new attorney swooped in unsolicited to take up their cause.

## TABLE OF CONTENTS

**SUMMARY OF THE ARGUMENT** ........................................................................ 1
**ARGUMENT** ........................................................................ 2
**Prepared Food Photos Prevailed on its Infringement Claim** ........................................ 2
**Summarily Denying Fees to Prepared Food Photos is Improper** ........................................ 6
**CONCLUSION** ........................................................................ 11
**CERTIFICATE OF COMPLIANCE** ........................................................................ 11

## TABLE OF AUTHORITIES

### Cases

A & N Music Corp. v. Venezia, 733 F. Supp. 955 (E.D. Pa. 1990) .............................................. 7
Africa v. City of Phila. (In re City of Phila. Litig.), 49 F.3d 945 (3d Cir. 1995)........................... 3
Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310 (S.D. Fla. 2003) ...................... 7
Beastie Boys v. Monster Energy Co., 66 F. Supp. 3d 424 (S.D.N.Y. 2014) .................................. 4
Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224 (7th Cir. 1991) ............................................ 7
Coach Inc. v. Kim's Mgmt., No. 1:10-CV-02746-jJOF, 2012 U.S. Dist. LEXIS 179557 (N.D. Ga. Feb. 28, 2012)........................................................................................................ 5
Corbis Corp. v. Starr, No. 3:07CV3741, 2010 U.S. Dist. LEXIS 143768 (N.D. Ohio Sep. 3, 2010) ....................................................................................................................... 7
Flava Works, Inc. v. Gunter, 689 F.3d 754 (7th Cir. 2012)........................................................... 5
Gonzales v. Transfer Techs., Inc., 301 F.3d 608 (7th Cir. 2002) .................................................. 7
Harper & Row, Publrs. v. Nation Enters., 471 U.S. 539 (1985)..................................................... 4
Home Design Servs. v. B&B Custom Homes, LLC, Civil Action No. 06-cv-00249-WYD-GJR, 2008 U.S. Dist. LEXIS 55980 (D. Colo. May 30, 2008)......................................................... 10
Jenkins v. Bowling, 691 F.2d 1225 (7th Cir. 1982)........................................................................ 3
Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int'l, 533 F.3d 1287 (11th Cir. 2008) ........................................................................................................................... 4
Long v. Ballantine, No. 7:96-CV-210-BR, 1998 U.S. Dist. LEXIS 7813 (E.D.N.C. Mar. 24, 1998) ........................................................................................................................... 8
Malibu Media, LLC v. Doe, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929 (N.D. Ill. June 9, 2014) ........................................................................................................................... 9
Nova Health Sys. v. Gandy, 416 F.3d 1149 (10th Cir. 2005)....................................................... 3
Perpetual Real Estate Servs., Inc. v. Michaelson Props., Inc., 974 F.2d 545 (4th Cir. 1992) ........ 4
Princeton Univ. Press v. Michigan Document Servs., Inc., 99 F.3d 1381 (6th Cir. 1996)............ 4
Spartan Grain & Mill Co. v. Ayers, 581 F.2d 419 (5th Cir. 1978) ................................................ 4
Steiner Corp. v. Johnson & Higgins, 135 F.3d 684 (10th Cir. 1998) ............................................ 3
Superhype Publ'g, Inc. v. Vasiliou, 838 F. Supp. 1220 (S.D. Ohio 1993) .................................... 7
Superhype Publ'g v. Vasiliou, 838 F. Supp. 1220 (S.D. Ohio 1993)............................................ 5
Sygma Photo News, Inc. v. High Soc'y Mag., Inc., 778 F.2d 89 (2d Cir. 1985)........................... 4

## SUMMARY OF THE ARGUMENT

Food Town Mart's Response Brief couches itself in presenting 'novel' arguments as to why this Court should ignore an un-appealed jury verdict and hold that employers are not responsible for the infringing conduct of their employees acting within the scope of their infringement. Such arguments are not 'novel' but rather contrary to both longstanding law and common sense alike. Prepared Food Photos clearly prevailed on its infringement claim against Food Town Mart and, as a prevailing party, the District Court should have applied the Fogerty factors in assessing entitlement to attorneys' fees under the Copyright Act. Nor should this Court summarily deny entitlement to fees based on the amount of the underlying judgment alone. While Prepared Food Photos obtained a judgment substantially smaller than it sought, this Court itself has recognized the need to encourage copyright holders to pursue legitimate infringement claims notwithstanding the value thereof. Refusing to award fees here – especially in light of Food Town Mart's conduct throughout this lawsuit that necessitated the incurrence of such fees – would have a chilling effect on the enforcement of copyright law as no reasonable copyright holder would pursue a low value judgment knowing that fees would be denied as a result of the judgment amount alone.

The Response Brief's remaining arguments (that the District Court did not abuse its discretion in granting Jaber an extension and did not abuse its discretion in denying fees under Rule 37) are each fully addressed in Prepared Food Photos' initial brief and not discussed herein. Ultimately, this Court should reverse the District Court's denial of fees to Prepared Food Photos and remand with instructions to apply the Fogerty factors in determining Prepared Food Photos' entitlement to fees.

## ARGUMENT

**Prepared Food Photos Prevailed on its Infringement Claim**

Without a shred of legal or factual support, Food Town Mart makes the "novel" (i.e., absurd) argument that Prepared Food Photos can be considered "nonprevailing" because the underlying judgment is "legally incorrect." According to the Response Brief, Food Town Mart apparently considered appealing the underlying judgment on such basis but, because of the nominal amount of damages awarded, opted not to pursue an appeal. There are a 'few' issues with Food Town Mart's 'novel' position here.

First, Food Town Mart's statement that "[t]he unusual fact of the judgment's low value, despite being erroneous, led Nofal to simply let it be"[1] is devoid of any citation to the record. Indeed, that entire paragraph is full of rampant speculation and conjecture as to whether Prepared Food Photos would be awarded fees and the apparent 'strategy' employed by Food Town Mart in evaluating whether to appeal. But the record here plainly contradicts Food Town Mart's recently-created positioning. As a threshold matter, Food Town Mart (unlike Prepared Food Photos) was fully apprised of Prepared Food Photos seeking an award of fees ***prior to*** the deadline for appealing. As the docket in the underlying lawsuit shows, the District Court entered its Order [D.E. 61] denying Prepared Food Photos' motion for new trial/to amend the judgment on April 7, 2025, meaning any appeal of the judgment by Food Town Mart was due on or before May 7, 2025. On ***April 21, 2025*** (i.e., more than 2 weeks prior to the appeal deadline), Prepared Food Photos filed its motion for prevailing party attorneys' fees [D.E. 64].

That Food Town Mart's new counsel (who only appeared in the underlying action months after the appeal deadline) now speculates that Food Town Mart was aware of the fee motion but somehow made a strategic decision not to appeal due to the low chance of fees being awarded

[1] See Response Brief, at p. 16.

simply defies logic. Indeed, the simpler and factually-supported explanation – as reflected in Mr. Steinle's May 1, 2025 motion to withdraw [D.E. 64] – is that Food Town Mart simply disappeared on its counsel and refused to have any contact therewith. As reflected therein, Mr. Steinle forwarded each of the post-trial motions, responses, and Orders to Jaber, requesting that Jaber contact him to discuss, and that Mr. Steinle "did not receive any contact from Mr. Jaber." It is unequivocally clear that Jaber/Food Town Mart ignored their counsel (who was likewise seeking to be collect on unpaid invoices) rather than engage therewith. Thus, the suggestion that Food Town Mart somehow engaged in strategic planning with respect to foregoing an appeal frankly defies reality/logic.

Food Town Mart's 'legal' attack on the underlying judgment fares no better. While the Response Brief spends no less than 8 pages attacking the underlying judgment as unsustainable, it curiously does not proffer a ***single*** citation for the proposition that this Court can ignore a jury verdict as 'legally incorrect' notwithstanding Food Town Mart's failure to timely appeal such judgment. Such failure appears to be easily explained as no such legal authority appears to exist. See, e.g. Jenkins v. Bowling, 691 F.2d 1225, 1235 (7th Cir. 1982) ("Nothing we say today is meant to disturb the unappealed portion of the judgment."); Nova Health Sys. v. Gandy, 416 F.3d 1149, 1154 (10th Cir. 2005) ("Mike Fogarty, the CEO and Administrator of the Oklahoma Health Care Authority, was also a defendant in the proceedings before the district court. As noted in footnote 1, Fogarty has not appealed the judgment against him, and we therefore do not disturb that judgment.") (vacating judgment against those defendants that did appeal the underlying judgment); Steiner Corp. v. Johnson & Higgins, 135 F.3d 684, 694 (10th Cir. 1998) ("The judgment in favor of defendants on their counterclaim for fees was not appealed and is not disturbed."); Africa v. City of Phila. (In re City of Phila. Litig.), 49 F.3d 945, 973 (3d Cir. 1995) ("Thus, while we do not disturb that unappealed summary judgment, we observe that the plaintiffs might want to seek relief from it in the district court under Fed. R. Civ. P. 54(b) or Fed. R. Civ. P. 60(b)(6)."); Perpetual Real Estate

Servs., Inc. v. Michaelson Props., Inc., 974 F.2d 545, 550 (4th Cir. 1992) ("PRES has not appealed from this aspect of the judgment, and we will not interfere with it."); Spartan Grain & Mill Co. v. Ayers, 581 F.2d 419, 429 (5th Cir. 1978) ("The judgment was never questioned. The separate issues of the counterclaims should not disturb that unappealed ruling. Fairness does not require a different result.").

The time for Food Town Mart to collaterally attack the underlying judgment has long since expired. Food Town Mart has presented nothing that would allow it to question the enforceability of the underlying judgment notwithstanding its failure to participate in post-trial matters including but not limited to the failure to timely file an appeal. Food Town Mart's argument here is not 'novel' – it is contrary to every federal court decision on the finality of unappealed judgments. But even if Food Town Mart could somehow attack the underlying judgment as an afterthought, its argument that Food Town Mart cannot be held liable because Amjad Hamed (its employee/***manager***) is the only one who infringed is likewise unsupported. In Food Town Mart's world, copyright owners apparently are required to sue individual employees for their acts of infringement on behalf of their employers, yet such has never been the law in any court to have addressed the matter. See, e.g. Harper & Row, Publrs. v. Nation Enters., 471 U.S. 539, 543 (1985) (holding defendant Nation enterprises liable for direct infringement by employee editor); Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int'l, 533 F.3d 1287 (11th Cir. 2008) (holding defendant Scientology organizations directly liable for copying of plaintiff's book by their employees); Princeton Univ. Press v. Michigan Document Servs., Inc., 99 F.3d 1381 (6th Cir. 1996) (holding defendant copy shop directly liable for copying by employees); Sygma Photo News, Inc. v. High Soc'y Mag., Inc., 778 F.2d 89, 92 (2d Cir. 1985); Beastie Boys v. Monster Energy Co., 66 F. Supp. 3d 424, 440 (S.D.N.Y. 2014) ("Where the defendant is a corporation, it can be held liable for acts of willful infringement committed by its employees within the scope of their employment

or for its benefit."); Coach Inc. v. Kim's Mgmt., No. 1:10-CV-02746-jJOF, 2012 U.S. Dist. LEXIS 179557, at *44 (N.D. Ga. Feb. 28, 2012) ("Typically, when an employer is held liable under *respondeat superior*, the employer is jointly and severally liable with the employee for all damages suffered as a result of the employee's tort."); Superhype Publ'g v. Vasiliou, 838 F. Supp. 1220, 1225 (S.D. Ohio 1993) ("Though an employer can surely be liable for acts of infringement committed by an employee under the doctrine of *respondeat superior,* the courts have created a much broader umbrella of liability for owners and managers of nightclubs.").

The cases cited in the Response Brief on this point are completely inapposite. For example, Food Town Mart cites Flava Works, Inc. v. Gunter, 689 F.3d 754 (7th Cir. 2012) for the proposition that "[t]he infringers are the uploaders of copyrighted work."[2] Food Town Mart ignores, of course, that the 'infringers' in that case were third-party website users who uploaded content thereto… not an employee manager as exists here. Nor do any of the other cases cited in the Response Brief stand for the proposition that an employer is not liable for the infringing acts of its employee done in furtherance of the employment relationship. To the contrary, each stands for the unremarkable proposition that, ***outside*** the employer-employee relationship, something more needs be shown to hold one liable for the acts of unconnected third-parties.

Here, Mr. Hamed plainly testified that he was Food Town Mart's "floor manager." PFP A169. He testified that, as part of his job responsibilities, he ran the Food Town Mart Facebook page and was the person who posted the infringing content thereon. A170 – A172. He was not some 'rogue' employee engaging in conduct on his own. Notably, Food Town Mart is not an international conglomerate – Mr. Hamed was one (1) of six (6) employees at the store (including Jaber). PFP A158. The notion that he was somehow acting outside the scope of his employment

---

[2] See Response Brief, at p. 18.

by posting weekly ads/sales to the company's business Facebook page strains credulity. But the point ultimately remains that Food Town Mart is asking this Court to not only ignore an un-appealed jury verdict but also apparently chime in on whether an employer is liable for the infringing actions of its manager-level employees… an issue that was not even presented in this appeal. This Court should decline Food Town Mart's invitation to ignore decades of longstanding procedural and substantive law to satisfy the creative whims of Food Town Mart's new counsel.

**Summarily Denying Fees to Prepared Food Photos is Improper**

The Response Brief next argues that, even if Prepared Food Photos is a prevailing party, this Court should summarily deny fees (ignoring the Fogerty factors altogether) due to the small judgment amount and because an amici brief refers to Prepared Food Photos as a 'troll.' Here, the Response Brief focuses exclusively on Prepared Food Photos' pre-trial $90,000.00 settlement demand yet ignores the actual history of this lawsuit, Food Town Mart's refusal to acknowledge infringement throughout, and the fact that Prepared Food Photos was forced to litigate this case for 2.5 years to finally obtain a judgment due to Food Town Mart's denials. At no time throughout the entire lawsuit did Food Town Mart ***ever*** take responsibility for the infringement or attempt to negotiate a resolution thereof. Rather, as set forth in Prepared Food Photos' initial brief, Food Town Mart made a series of plainly ridiculous denials the sum of which forced Prepared Food Photos to trial to obtain resolution of its infringement claim. As evidenced by Prepared Food Photos' Bill of Costs [PFP A18], Prepared Food Photos' taxable costs alone were thousands of dollars over and above the judgment amount, and that does not take into account the tens of thousands of dollars necessarily spent in disproving Jaber/Food Town Mart's perjurious testimony, written discovery responses, and pleadings.

For reasons that only Food Town Mart can explain, the Response Brief focus exclusively on the award of fees under 28 U.S.C. § 1988 and ignores entirely fees under the Copyright Act… the

actual issue before this Court. And as recognized by this Court, "[a]ttorney's fees may be awarded for reasons other than simply making the plaintiff whole, such as encouraging the assertion of colorable copyright claims and deterring infringement." Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1230 (7th Cir. 1991); see also Superhype Publ'g, Inc. v. Vasiliou, 838 F. Supp. 1220, 1227 (S.D. Ohio 1993) ("Attorney's fees may be awarded in infringement actions to make the party whole, but also, to encourage assertion of colorable copyright claims and to deter infringement."). One reason to award attorneys' fees is to "ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works." Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003) (quoting A & N Music Corp. v. Venezia, 733 F. Supp. 955, 959 (E.D. Pa. 1990)).

In a case involving willful infringement, this Court noted that a decision to deny attorneys' fees in a case involving "small amounts of money," would "be to allow minor infringements, though willful, to be committed with impunity, to be in effect privileged, immune from legal redress." Gonzales v. Transfer Techs., Inc., 301 F.3d 608, 609–10 (7th Cir. 2002). And as the Northern District of Ohio subsequently stated:

> Though Gonzales involved wilfullness, and this case resulted in no such finding, I find the reasoning of *Gonzales* persuasive.
>
> Defendants infringed Corbis' copyrights. To deny attorneys' fees based on the relatively small jury award would flout the purposes of Copyright Act. Limiting attorneys' fees to solely high-value infringements could immunize low-value infringements because it might not be worth the copyright owner's effort and expense to prosecute. Awarding attorneys' fees in this case ensures that plaintiffs whose work has been infringed, no matter how small the value of the infringement, have access to the courts.

Corbis Corp. v. Starr, No. 3:07CV3741, 2010 U.S. Dist. LEXIS 143768, at *11 (N.D. Ohio Sep. 3, 2010).

In Long v. Ballantine, No. 7:96-CV-210-BR, 1998 U.S. Dist. LEXIS 7813 (E.D.N.C. Mar. 24, 1998), the plaintiff photographers obtained a $500.00 jury verdict on their copyright infringement claim. In awarding those plaintiffs $65,197.50 in prevailing party attorneys' fees, the district court stated:

> There is a need to encourage those who have copyrights to assert their rights under the law. Plaintiffs in this case did just that and should be compensated therefore. Defendants' argument that deterrence of infringement is not necessary in this case because the infringing activity will not be repeated is misguided. The deterrent effect intended by an award under § 505 is directed not at these defendants, but at all who may hear word of this award. Finally, the court does not deem it necessary and is not required to evaluate the ability of the defendants to pay any award. The interests of promoting enforcement of copyright laws and deterring infringement will be promoted by an award under § 505.

Long 1998 U.S. Dist. LEXIS 7813, at *9. The same logic certainly applies here. Prepared Food Photos discovered the unauthorized use of one of its copyrighted photographs and attempted to resolve the matter privately with Food Town Mart. From the beginning, Food Town Mart denied that the Facebook page belonged to it, denied that the photographs posted thereon were of its store, and denied ever using the subject photograph to advertise for its store. Along the same logic, it never removed the infringement, choosing instead to leave such publicly visible/searchable and therefore compound the problem. Thus, Prepared Food Photos was presented with a Hobson's choice – it could do nothing (and allow the infringement to continue unchecked) or incur substantial time, effort, and monies to pursue an infringement claim in court. It chose the latter and ultimately prevailed (albeit not for a substantial amount of monies), with the jury finding against Food Town Mart on Prepared Food Photos' infringement claim and on Food Town Mart's affirmative defenses (including the notion that use of a food photograph to advertise the sale of pork chops for a store somehow constitutes fair use). Refusing to award fees to Prepared Food Photos on this record (as opposed to the record that Food Town Mart wishes to manufacture) sends a chilling message to

copyright holders. Indeed, the phrase 'damned if you do, damned if you don't' is applicable. The Copyright Act itself contemplates statutory damages for non-innocent infringement as low as $750.00. Knowing that an award can be so low, a copyright owner has no motivation to enforce his/her rights if courts are going to summarily deny fees due to the amount of an award alone. That is not what Fogerty contemplates, nor has it been the practice of this Court in cases arising under the Copyright Act.

The notion that fees should be denied due to the amici brief referring to Prepared Food Photos as a 'troll' is likewise unsupportable. As a threshold matter, ***nothing*** in the underlying record indicates any untoward behavior or conduct by Prepared Food Photos. As set forth above, the record shows only a copyright owner who was forced to pursue a lawsuit given an infringer's refusal to take responsibility for its infringement and refusal to remove the infringing content from public display. Prepared Food Photos did not over-litigate the case (it took a total of 2 depositions, served basic written discovery, and sent a subpoena to Meta to identify the registrant on the Facebook page), nor did it refuse to accept some reasonable settlement offer made by Food Town Mart. The record shows that Food Town Mart ***never*** made a single settlement offer and ***never*** acknowledged ownership of the Facebook page until trial had actually commenced. Food Town Mart did not make a Rule 68 offer of judgment, did not withdraw its denials in its Answer, did not revise its sworn interrogatory responses, did not revise its denials to Prepared Food Photos' requests for admissions, etc. That Prepared Food Photos incurred the fees and costs it did are solely the result of Food Town Mart's conduct both prior to and during the underlying lawsuit… Prepared Food Photos cannot somehow be blamed for Food Town Mart's own conduct/lies.

Further, as adeptly discussed in Malibu Media, LLC v. Doe, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929, at *6–8 (N.D. Ill. June 9, 2014) (internal quotation marks and citation omitted) (emphasis added):

> ***It is certainly true that Malibu has filed a very large number of infringement suits in this district and in others. But that is what the holders of intellectual property rights do when they are faced with mass infringement.*** Courts in this district and elsewhere frequently get, for example, lawsuits by trademark owners against multiple websites that sell counterfeited products bearing the trademark owners' marks. By way of example, a review of the index of this district's filings reflects that Coach, Inc. which produces handbags, accessories, footwear, clothing, etc. bearing the company's trademarks, has filed 57 lawsuits in this district alone within the past four years, many of them naming dozens and indeed hundreds of entities as defendants. And a search of this district's index for suits naming "The Partnerships and Unincorporated Associations Identified on Schedule A," a term commonly used by trademark holders to sue multiple websites selling counterfeit products, reveals over 75 such lawsuits in the past year alone by various trademark holders.
>
> As best as the Court can determine, not one of these has led to criticism of the intellectual property right holder for misusing its trademark, let alone to dismissal of a case for that reason. Presumably the reason is that although cases involving the doctrine of copyright misuse refer to suing on a copyright hoping to force a settlement or even achieve an outright victory over an opponent that may lack the resources or the legal sophistication to resist effectively, the predicate for a misuse defense is an attempt to use the copyright monopoly to control something the monopoly does not protect. That element is missing from Doe's affirmative defense. The Court is hard-pressed to see why Malibu Media's large-volume litigation should be treated differently from that of Coach or other intellectual property rights holders simply because Malibu's intellectual property rights involve pornographic films.

See also Home Design Servs. v. B&B Custom Homes, LLC, Civil Action No. 06-cv-00249-WYD-GJR, 2008 U.S. Dist. LEXIS 55980, at *13 (D. Colo. May 30, 2008) at *13 ("The fact that the Plaintiff has litigated claims under the federal Copyright Act and has been successful in that litigation fact does not indicate to this Court that the Plaintiff has engaged in copyright misuse."). Here, Food Town Mart/the amici brief criticize Prepared Food Photos for pursuing copyright

infringement claims, yet they make only a superficial glance at PACER and the number of cases that Prepared Food Photos has filed. No effort is made to analyze the facts of such lawsuits (including this one) as it is far easier to cast aspersions than actually address the fundamental question raised in Malibu Media, LLC – what was Prepared Food Photos supposed to do here other than pursue its infringement claim? And if it did not pursue the claim, would it then face new affirmative defenses of waiver due to the lack of protection/enforcement of its copyrights?

## CONCLUSION

For the foregoing reasons, this Court should reverse the District Court's finding that Prepared Food Photos was not a prevailing party and remand with instructions to apply the Fogerty factors in assessing entitlement and amount.

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this brief complies with the type-volume limitation set forth in 7th Cir. R. 32(c) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 3,614 words.

I further certify that this brief complies with the typeface and type-style requirements of 7th Cir. R. 32 because this brief has been prepared in a proportionally spaced typeface using 12-point Times New Roman.

Dated: October 19, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza______
Daniel DeSouza, Esq.
*Counsel for Appellee/Cross-Appellant Prepared Food Photos*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and e-mailed to all counsel of record.

/s/ Daniel DeSouza___
Daniel DeSouza